THE STATE OF IOWA EX REL. v. THE WATERLOO SAVINGS BANK.

CERTIORARI. Proceeding superseded by proceedings in bankruptcy.

*Certiorari to the District Court of Blackhawk.*

FRIDAY, SEPTEMBER 25.

THIS is a proceeding in certiorari. The facts are sufficiently stated in the opinion.

*Boies, Allen & Couch*, for petitioner.

*M. E. Cutts, Attorney-General*, for the State.

COLE, J.—On December 18, 1873, a proceeding was commenced under Code, Secs. 1570-6, to wind up the affairs of the Waterloo Savings Bank. Upon presenting the petition to the District Judge of that district, he made an order appointing a receiver, and that all persons having the property of the bank should deliver the same to such receiver. L. Hurlburt had before that time been made assignee of the bank, and had possession of most of its property. He, claiming a right thereto, refused to deliver the property to the receiver, and was adjudged by the District Court guilty of contempt therefor, and ordered imprisoned until he complied with the order. On application to the Circuit Judge for that district, he obtained a writ of habeas corpus; obedience to it was refused, but afterwards Hurlburt was out of the custody of the officer, and a time was fixed for hearing of the habeas corpus. Pending this state of affairs, application was made to a judge of this court for a certiorari of the proceedings for contempt, and the writ was issued. Pending this proceeding, as we are advised by the respective counsel, bankruptcy proceedings were instituted in the United States District Court, for the District of Iowa, whereby the proceedings, both by receiver and by assignment in the state courts, have been wholly superseded, and the habeas corpus proceedings ended, with Hurlburt enjoying unrestrained freedom. Nothing practical is, therefore, left for us to determine. Our time is too much occupied with real questions, to justify us in considering amateur ones. The certiorari proceedings are, without prejudice to applicant,

DISMISSED.