CUTCOMP v. UTT, MAYOR, ETC.

1. Cities and Towns: PASSAGE OF ORDINANCES: READING AT ADJOURNED MEETINGS. At a meeting of the council of a city, an ordinance was offered and passed to its first reading by a majority. The council then adjourned till the next day, when the ordinance was passed by a majority to its second reading. The council then adjourned to the next day but one, when the ordinance was read a third time, and passed by a majority. Held that the ordinance was not void because the second and third readings were at adjourned meetings, and that it was read on "three different days," as contemplated by section 489 of the Code.

2. Mandamus: RIGHT EXPIRED BEFORE HEARING: PRACTICE. Although plaintiff may have been entitled to a city license to sell wine and beer at the time when he began his suit to compel the mayor to issue it, yet, since it appears of record that, on account of the change of the city ordinances, he is not now entitled to such license, this court will not reverse the cause and send it back for a new trial, to determine what plaintiff's right was. Courts are not organized to determine mere abstractions, and will refuse, on their own motion, to proceed in a cause which involves only a right which has ceased to exist.

*Appeal from Louisa District Court.*

FRIDAY, DECEMBER 8.

THIS is an action of *mandamus* by which it is sought to compel the defendant, who is mayor of Columbus City, to issue to the plaintiff a license authorizing him to sell wine and beer, and also to keep billiard tables, for the period of one

year from the thirteenth day of April, 1881.  Upon a trial
the District Court refused to grant the writ prayed for by
plaintiff, and he appeals.

*Sprague & Springer,* for appellant.

*E. W. Tatlock,* for appellee.

ROTHROCK, J.—I.  It appears from the record and evidence in the case that, at the time of the city election, in
1. CITIES and towns: passage of ordinances: reading on three different days.
March, 1881, there was an ordinance in force by which the keepers of beer saloons were required to pay an annual license of twenty dollars, and the keepers of billiard saloons were required to
pay a like amount for each billiard table kept by them.  At
said election there appears to have been a change made in the
city council upon the question of licenses, and on the eighth
day of April, 1881, the council met, and an ordinance was introduced changing the license fee to $1,000 on beer saloons,
and $60 on each billiard table.  The offered ordinance passed
to its first reading by a majority, and the council adjourned
to the ninth of April when, by a majority, the ordinance was
read a second time, and the council again adjourned until the
eleventh of the same month, when the ordinance was read a
third time and passed by a majority, to take effect April 17th,
1881.  The plaintiff, on the thirteenth day of April, paid his
money to the treasurer of the city for license under the old
ordinance and demanded that license should be issued to him
for one year from that day.  The defendant refused to issue
the license, and this action to compel him to do so was commenced on the seventeenth of the same month.

It is contended that the new ordinance is void, because the
adjourned meetings of the council at which it was read a second and third times and passed, without there being at any
time a majority vote of three-fourths of the council, was illegal, and that the adjourned meetings were nothing but a
continuation of the regular meeting, and authorities are cited

which appear to hold that an adjourned meeting of the trustees or council of a municipal corporation is but a continuation of the regular meeting from which it was adjourned. But the question under consideration cannot be affected by adjudged cases, because it must be determined by our statute. Section 489 of the Code provides that ordinances shall be read on three different days, unless three-fourths of the council shall dispense with the rule. This is just what was done by the council in passing upon this ordinance. The idea that "three different days" means three general meetings of the council finds no support in the statute.

II. The ordinance having been legally enacted it became a law of the corporation on the seventeenth of April, 1881.

1. MANDAMUS: right expired before hearing : practice. It is not necessary to determine in this case whether, if the mayor had issued the license on the thirteenth of April, the plaintiff would have had a vested right to continue business under his license for a year, although the old ordinance was repealed. He has no right to do so now. His right, if any he had, expired on the thirteenth day of April, 1882. In *State ex rel. McNulty v. Porter*, 58 Iowa, 19, the relator asked that he be adjudged and decreed to be the lawful sub-director of a school-district. The term of the office which he sought to hold had expired at the time of the trial, and it was held the action could not proceed, because courts are not organized for the purpose of determining mere abstractions. So in the case at bar, if we should reverse this case and remand it for a new trial, the plaintiff could not proceed, simply because he does not claim that he is now entitled to a license, unless the new ordinance be held void. If entitled to anything by way of damages, a question which we do not determine, he should pursue another remedy.

It is to be admitted that the last question discussed has not been raised by council. But, as it goes to the power of the court to grant relief in the premises, the court will upon its own motion determine it.

AFFIRMED.