THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY
COMPANY v. DEY *et al.*, RAILROAD
COMMISSIONERS.

**Appeal :** FROM INTERLOCUTORY ORDER : DISMISSAL OF CAUSE IN TRIAL
COURT : APPEAL FALLS WITH CAUSE. This action was brought in the
district court to permanently enjoin the defendants, railroad com-
missioners, from publishing and enforcing a schedule of maximum
rates to be charged by the railroad companies of the state for the
transportation of cars and freight. A temporary injunction was
allowed in the district court, and a motion to dissolve it was over-
ruled, and defendants appealed to this court from the ruling on
that motion, and the appeal was submitted on arguments to this
court. Subsequently plaintiff filed in the district court a dismissal
of the cause on the ground that the objectionable schedule of rates
had been abandoned by the defendants, and paid the costs in the
case ; and these facts were duly made of record in the case in this
court. *Held*—

(1) That, as the main cause was no longer pending, the appeal
from the interlocutory order could no longer be maintained.

(2) That, even if the order appealed from was erroneous, the
error ceased to be prejudicial, and that this court would not
review it.

(3) That the claim that the cause should be retained in this
court for the assessment of damages which have accrued to
defendants on account of the injunction is not sound, as this
court has no jurisdiction to assess damages.

(4) That the case is not changed by the claim that the cause was
not dismissed in good faith, but to obtain an unfair advan-
tage, since issue upon such allegations could not be joined
and tried in this court.

(5) That the fact that the questions involved in the appeal are
of great public importance can make no difference, since the
rules of law apply equally to all cases, public or private.

*Appeal from an Order of* HON. S. H. FAIRALL, Judge
of the Eighth Judicial District.

FILED, DECEMBER 20, 1888.

ACTION in chancery in the district court of Johnson

county to enjoin defendants from publishing and enforc-
ing a schedule of rates, or tariff of charges, for the trans-
portation of property by the railroads of the state. A
temporary injunction was allowed by the HON. S. H.
FAIRALL, judge of the district court, and a motion to
dissolve it was overruled. The allowance of the injunc-
tion, and the order overruling the motion to dissolve it,
were made by the judge at chambers. Defendants
appeal from this action of the judge.

A. J. Baker, Attorney General, C. C. Nourse and
James T. Lane, for appellants.

Thos. S. Wright, J. C. Bills and E. E. Cook, for
appellee.

BECK, J.—I. The petition in this case alleges,
among other matters, that the railroad commissioners of
the state have adopted a "schedule of reasonable maxi-
mum rates of charges for transportation on freights and
cars on and over the railroads of the state," which, for
the reason that the rates of charges thus fixed are
unreasonable, and too low, and for other reasons, should
not be enforced. The relief sought is that the defend-
ants be enjoined from publishing the schedule prepara-
tory to enforcing it ; and from instituting proceedings
and prosecutions for its enforcement. A temporary
injunction was allowed, and a motion to dissolve it was
overruled. Thereupon defendants appealed to this court,
and the cause was submitted for decision upon argu-
ments oral and printed. Subsequently plaintiff filed in
the district court of Johnson county, wherein the cause
was commenced and is pending, a paper dismissing the
cause, and showing that the plaintiff had paid all costs
in the case. It is alleged in the paper that the dismissal
is made on the ground that the schedule of rates com-
plained of has been abandoned by defendants. There-
upon dismissal of the cause was entered of record in the
district court, which, with the paper filed therein dis-
missing the case, and a statement of the payment of

the costs, were duly certified to this court, and made a part of the papers in the case in this court.

II. It will be observed that the cause is in this court upon an appeal from a decision upon an interlocutory matter. That decision did not affect the final disposition of the case. After the decision, it remained for trial in the district court, whether the decision appealed from should be affirmed or reversed. The case would proceed without regard to the pendency of the appeal in this court. If, before the final disposition of this case, this court should reverse the decision appealed from, the district court would be required to conform its action to the decision of this court. The right of plaintiff to dismiss the case cannot be doubted. All plaintiffs have the right in all cases to withdraw or dismiss their actions, subject, of course, to the rights of the other parties, acquired.by reason of the institution of the suits, and to liabilities incurred thereby. We do not understand that counsel for defendants deny this proposition. The dismissal of the action by plaintiff operates to end the case. There was no case between the parties pending thereafter in the district court. This proposition cannot be doubted. But that dismissal, it must be admitted, did not supersede the appeal in this court. The case in this court was not dismissed by virtue of the dismissal of the cause in the court below. But the case here involves an interlocutory matter only, namely, the question whether the injunction granted by the district court should be continued or be dissolved. Now, there can be no injunction if there is no case. But the case, as we have seen, is ended. The injunction proceedings must end with the case. The injunction is a remedy sought in the action; it is an incident or a proceeding in the action. This incident—this proceeding—must fall when there ceases to be a case. Now this court will not determine questions unless there be cases pending in which the questions arise. If remedies be sought and rights claimed in actions, the withdrawal, settlement or abandonment of claims for such remedies or rights, leaves nothing for

us to determine in relation thereto. There must be real, present questions, involving actual interests and rights of the parties, to authorize us to consider the cases in which they arise. We will not settle questions which were involved in rights now no longer existing; and when, in a case pending in this court, rights cease to exist, the appeal will be dismissed. Code, sec. 3212; *West v. Fitzgerald,* 72 Iowa, 306; *Cutcomp v. Utt,* 60 Iowa, 156; *State v. Waterloo Sav. Bank,* 39 Iowa, 706.

III. It is a familiar rule, often applied, that this court will not correct errors which work no prejudice to the parties complaining of them. Let it be conceded that the district court erroneously allowed the injunction, and erroneously overruled the motion to dissolve it. No prejudice can possibly result to defendants hereafter from these rulings, for the injunction ends with the termination of the case, and defendants are not now, and cannot hereafter be, restrained, annoyed or in any manner affected by the injunction. The alleged errors, being without prejudice to defendants, will not be reviewed by this court.

IV. But counsel urge that, as the cause has been dismissed, and the injunction dissolved or ended, defendants are entitled to damages accruing by reason of the injunction, and that the case must be retained in this court for the assessment of damages. We know of no statute authorizing a case to be kept alive in this court for the assessment of damages when a plaintiff has dismissed it. Certainly there is neither statute nor principle of law authorizing this court to assess damages in any case pending here, and surely when a case is dismissed or ended by the act of the party we cannot retain it here for the assessment of damages. To assess damages witnesses must be examined upon issues joined, and probably a jury may be called by the parties. The proceeding is original in its character, and must be brought and prosecuted in a court authorized to take original cognizance of actions. Such cases can only be brought here on appeal.

V. It is insisted that the case is not dismissed in

good faith, but with the unfair purpose of gaining an advantage; and other matters are alleged tending to show that the dismissal of the case was not done to attain the ends of justice, but rather to defeat them. But all of these charges and claims are based upon alleged facts not found in the record before us. No issue can be joined upon these allegations, and tried in this court. We can review the case only upon the record before us.

VI. It is insisted that the questions involved in the case are of great public importance, and therefore should be considered and decided in this case; but questions of that character must come before us in the same way as questions wherein individuals only are concerned. The rules of the law must be applied equally to all cases. They cannot be suspended to accommodate, aid or satisfy the public, or any public interest. In our opinion there is nothing before us on this appeal which the law will permit us to consider. It must, therefore, at the cost of the plaintiff, be

DISMISSED.