HANS MOLLER v. PETER GOTTSCH, Appellant.

**Forcible Entry:** ABATEMENT OF APPEAL.  Where, pending an appeal from a judgment for plaintiff in an action to recover for realty. a writ of ouster issues (the judgment not being superseded), and plaintiff is put in possession, and there remains nothing for the appellate court to decide but the question of costs, because the claimed lease-term of defendant has expired pending appeal, a motion to dismiss the appeal will be sustained.

COSTS.  Costs of printing appellee's amendment to abstract will not · be taxed to him because of repetition, the appeal being dismissed, where additional matter was set out, and the repetition was necessary to show connection.

*Appeal from Carroll District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, JANUARY 21, 1899.

PLAINTIFF brought this action before a justice of the peace to recover possession of a farm after the expiration of the lease, which expired March 1, 1897.   The defendant answered, admitting that he was in possession, admitting plaintiff's ownership, and alleging a verbal agreement by which he was to have the farm during the year 1897 on the same terms.   The justice of the peace rendered judgment in favor of the defendant, and, on appeal, verdict and judgment were rendered in favor of the plaintiff, and ordering that the defendant be ousted and plaintiff put in possession of the premises, and the defendant pay costs.   Defendant appeals.—*Dismissed.*

*Douglas Rogers* for appellant.

*B. I. Salinger* for appellee.

GIVEN, J.—Plaintiff moves to dismiss this appeal "for the reason that said appellant has no further right to prose-

cute the same." It appears that, on the day the judgment was rendered in the district court, notice of appeal was served, and thereafter on the same day a writ of ouster was issued, as the appeal did not supersede the order therefor. See Code 1873, section 3623½; Code, section 4220. Said writ was served by the sheriff, by removing the defendant from the farm and placing the plaintiff in possession thereof. The time during which defendant claimed the right of possession having long since expired, and he having been removed from the farm, the only practical effect of any decision that we could make on this appeal would be as to who is liable for costs. In *Boss v. Dulin,* 103 Iowa, 337, we said, in a case where the defendant had left the premises and the plaintiff had taken possession, that: "The only practical effect our decision can have in this case is to determine who is liable for the costs. Under these circumstances, we cannot undertake to set out and discuss alleged errors which, at most, are merely technical, and do not affect any substantial right of the parties." As there was nothing involved in this controversy but the right to the possession of the farm, and as all right in the defendant has ceased, and he is out of possession, the motion to dismiss must be sustained.

Appellant moves to tax the costs of printing appellee's amendment to abstract to the appellee, for the reason that the same is a repetition of the matter contained in appellant's abstract. To some extent this is true, but additional matter is set out, and the repetition was necessary to show the connection of the additional matter. For the reasons stated above, the motion to dismiss the appeal is sustained, and the motion to tax costs to appellee is overruled.—DISSMISSED.