Argued September 16, dismissed October 5, rehearing denied November 16, 1915.

## STATE *v.* BUTTS.

(151 Pac. 722.)

**Appeal and Error—Right to Review—Persons Entitled.**

1. Where a proceeding to escheat property has been- decided adversely to the state because of the existence of heirs, one who has been made defendant on his own request, and who has unsuccessfully sought to establish a deed to the premises from decedent to himself, but who has joined no issue with the heirs, cannot maintain an appeal, the interest of the state having ceased, and the right of the heirs not having been attacked.

> [As to what is escheat and proceedings to perfect it, see note in 29 Am. Dec. 232.]

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

This is a special proceeding commenced by the State of Oregon to escheat the property of Henry D. Winters, deceased. The information alleges that Henry D. Winters in his lifetime was the last person lawfully seised of the real property described there-

in, and left no heirs or known kindred capable of inheriting his property and estate, and that the same had escheated and vested in the State of Oregon. On May 15, 1913, an order was made requiring all persons in the name of the State of Oregon, interested in the estate of Henry D. Winters, deceased, to appear and show cause, if any they had, why title to said real and personal property should not be adjudged in the State of Oregon, and further requiring such order to be published as required by statute. On April 29, 1913, Will E. Purdy, the appellant herein, served upon counsel for the state a notice and motion based upon affidavits requesting to be made a party defendant in said suit. An order was made making Purdy a party defendant, whereupon he answered, denying that the property described in a certain deed from Winters to him was owned by H. D. Winters at the time of his death, and alleging that he (Purdy) was the owner in fee simple of the property, and that the state had no right therein. A reply was filed by the state denying the allegations therein and setting forth as an affirmative defense, and by way of estoppel, the decree of the Circuit Court of the State of Oregon for Multnomah County in the case of *Agnes Butts, Administratrix of the Estate of Henry D. Winters, Deceased,* v. *Will E. Purdy,* affirmed by the Supreme Court, 63 Or. 150 (125 Pac. 313, 127 Pac. 25), wherein it was adjudged that the alleged deed from Winters to Purdy was fraudulent and void. The reply also alleged that the claim of defendant Will E. Purdy to the real estate was fabricated, fraudulent and without consideration.

Eight sets or groups of persons claiming to be the heirs of Henry D. Winters, deceased, were upon their application made defendants. Each set filed separate answers setting up their alleged heirships, and that

by virtue thereof they were entitled to the estate here-
tofore mentioned. No replies were filed by any of
the different defendants raising any issues between
themselves. November 20, 1914, defendant Purdy filed
a motion for a separate trial of the issues between
the State of Oregon and himself on the ground that
the question to be decided as between the plaintiff
and himself was separate and distinct from that to
be decided between the plaintiff and the remaining de-
fendants. The motion was overruled by the court,
but when the case came on for trial before a jury, the
court made an order that the issues between the plain-
tiff and the defendant Will E. Purdy should be first
tried and determined. A jury was selected, and the
issues between the state and Purdy were tried, and a
verdict rendered in favor of the plaintiff state. This
jury was then discharged by the court, another se-
lected, and the cause tried as between the State of
Oregon and the several persons claiming to be heirs
of Henry D. Winters, deceased. A verdict was ren-
dered in favor of certain groups of heirs and against
several other claimants. Judgment was first entered
separately on the verdict against Purdy. Afterward
the court vacated the entry and entered judgment
upon the several verdicts. The journal entry of the
judgment in the Circuit Court recites the verdict
found by the jury in favor of the state and against
defendant W. E. Purdy, and that the several sets of
defendant heirs introduced evidence on behalf of their
claims separately; that the jury rendered a verdict
in favor of a large number of the claimants as the
heirs of Henry D. Winters, deceased, and against
several of the claimants. Based upon the verdict
rendered upon the trial between the state and defend-
ant Will E. Purdy, it was adjudged that said defend-

ant had no right, title or interest in or to any of the property involved in the action. It was further adjudged that the real property of the decedent had not escheated to the state, and that several of the defendants be declared heirs of the above-named decedent, and certain other claimants not heirs of said Henry D. Winters, deceased. No issue was raised and no trial had between Purdy and any of the other defendants. From this judgment Will E. Purdy appeals as against the state and all the defendants who were declared to be heirs of Henry D. Winters, deceased.

DISMISSED.    REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Albert H. Tanner.*

For respondent, State of Oregon, there was a brief over the names of *Mr. Walter H. Evans,* District Attorney, *Mr. John F. Logan* and *Mr. R. Citron,* with an oral argument by *Mr. Walter H. Evans.*

For respondent, Agnes Butts, there was a brief and an oral argument by *Mr. Cicero M. Idleman.*

For respondents, John Buckley et al., there was a brief over the names of *Messrs. Gance & Ohmart, Messrs. Hall & Lepper, Messrs. Clark & Clark* and *Mr. Samuel Grffiin,* with oral arguments by *Mr. H. L. Gance* and *Mr. Ansel R. Clark.*

MR. JUSTICE BEAN delivered the opinion of the court.

This proceeding was commenced prior to the amendment of the statute relating to escheats: Gen. Laws Or. 1915, p. 248. The provisions of the statute before the amendment, so far as deemed necessary to mention, were as follows:

"When any person shall die intestate without heirs, leaving any real, personal, or mixed property, interest, or estate, in this state, the same shall escheat to and become the property of this state": Section 7363, L. O. L.

The state may maintain any action, suit or proceeding necessary to recover the possession of any such property or for the enforcement or protection of its rights on account thereof in like manner and with like effect as any natural person. The proceedings shall be prosecuted by the district attorney under the direction of the Governor: Section 7364, L. O. L. The statute directs that such escheated property shall be subject to the lawful claims of creditors, and provides for the foreclosure of any lien thereon: Section 7365, L. O. L. It enacts that at any time after the death of such person, and whenever the Governor believes that any such property has escheated to the state, he shall direct the proper district attorney to file information in behalf of the State of Oregon in the Circuit Court of the county in which the estate or any part thereof is situated, setting forth the description of the same, the name of the person last seised, the name of the occupant or the person in possession and claiming the same, if known, and the fact that such person last seised has died without heirs, leaving the property so described in the information escheated and vested in the state. It directs that the court upon application make an order setting forth briefly the contents of the information and requiring all persons interested in the estate to appear and show cause, if any they have, why the title should not vest in the state, which order must be published for at least six successive weeks. Exclusive jurisdiction for the purpose of declaring an escheat

is vested in the Circuit Courts of the state subject to appeal to the Supreme Court: Section 7366, L. O. L.

"All persons named in the information may appear and answer, and may traverse or deny the facts stated in the information, the title of the state to lands, tenements, and other property therein mentioned, at any time before the time for answering expires; and any person claiming an interest in such estate may appear and be made a defendant by motion for that purpose in open court, within the time allowed for answering as fixed in the said published order; and if no person appears and answers within the time, then judgment must be rendered that the state be seised of the lands and tenements or property in such information claimed; but if any person appears and denies the title set up by the state, or traverses any material facts set forth in the information, the issue of the fact must be tried, as issues of facts are tried in civil actions, with the aid of a jury, if requested by either party. If, upon such trial, the verdict of the jury, if there is a jury, or the judgment of the court, if the case is tried by the court without a jury, be in favor of the state, judgment must be rendered that the state be seised thereof and recover costs of suit against the defendant": Section 7369, L. O. L.

When real property is adjudged escheated to the state, a sale as upon execution is ordered, and, if confirmed, the net proceeds are directed to be paid to the state treasurer: Section 7370, L. O. L. Within ten years after judgment in any such proceeding had under the statute, a person not a party or privy to such proceeding may file a petition in the Circuit Court showing his claim or right to the property escheated or the proceeds thereof. Service is required to be made upon the district attorney, who must answer. If upon a trial it is determined that such person is entitled to the proceeds thereof, the court must order the same delivered to him subject to the costs and expenses

of the state and the expenses of administration, and all claims of creditors of deceased: Section 7374, L. O. L.

The statutes of the various states differ somewhat in regard to escheat proceedings. They are, in effect, the same as what was known at common law as an inquest of office, or inquisition, to determine whether decedent left any heirs: *Hamilton* v. *Brown,* 161 U. S. 256 (40 L. Ed. 691, 16 Sup. Ct. Rep. 585); 2 Cooley's Blackstone (3 ed.), p. 258.

At the threshold of this case the important question arises as to the effect of a review of the proceedings upon the trial in the court below. The efficacy of the adjudication of the claim made by the defendant Will E. Purdy as against the plaintiff, State of Oregon, at the time Purdy was made a party defendant depended solely upon the condition that it should be found that the property of Henry D. Winters had escheated to the state; that is, that the decedent had died intestate, without leaving any heirs. When it was determined that certain named persons were the legal heirs of the decedent, the state had no further interest in the controversy. The continuation of proceedings in the name of the state in order to settle any questions of title between other claimants would be improper. In *State* v. *Engle,* 21 N. J. Law, 347, it was held that after the state in escheat proceedings had acknowledged a certain person as heir at law and released its right to such heir, the court would not permit such heir to proceed with the escheat proceedings in the name of the state for his own benefit to litigate a question between him and a third person claiming independently of the state.

In the case at bar the State of Oregon is making no further claim to the property of Henry D. Winters,

deceased. An examination of the case with a view of remanding the cause for a new trial as against the state would be ineffective. As to the other defendants who were declared to be heirs of Henry D. Winters, deceased, there are no issues of fact between them and Purdy to be tried. There was no attempt to try any such issue in the Circuit Court. As to such defendants, therefore, there is no case to be remanded in any event. The defendant Purdy was not named in the information filed. He appeared voluntarily, and at his own request had a separate trial as between himself and the state. He is responsible for being a party to the cause, and as to the force or effect of such a judgment he has no reason to complain.

In order to authorize the Supreme Court to consider an appeal, there must be real present questions involving actual interests and rights of the parties. When an appeal involves only a moot question of law or fact, the appeal should be dismissed: *State* v. *Brown,* 5 Or. 119; *Chicago, R. I. & P. Ry. Co.* v. *Dey,* 76 Iowa, 278 (41 N. W. 17); *Moller* v. *Gottsch,* 107 Iowa, 238 (77 N. W. 859); *Doidge* v. *Bruce* (Iowa), 116 N. W. 726.

In the proceedings in the Circuit Court the real purpose of the defendant Purdy appears to have been to obtain a new trial of the issues in the case of *Butts* v. *Purdy,* 63 Or. 150 (125 Pac. 313, 127 Pac. 25), which have been heretofore carefully and thoroughly considered and adjudicated.

It follows that this appeal should be dismissed, and it is so ordered.          DISMISSED. REHEARING DENIED.

MR. JUSTICE McBRIDE did not sit.

MR. JUSTICE BURNETT concurs in the result.