S. R. HAMPTON, Appellant, v. JAMES McKEEHAN et al., Appellees.

APPEAL AND ERROR: Decisions Reviewable—Forcible Detention
1 of Property. An appeal by plaintiff in forcible detention proceedings will not be reviewed, when it appears that the lease has expired under defendant's contention, *and that he has surrendered the possession.*

APPEAL AND ERROR: Costs Only Involved. Principle recognized
2 that an appeal will not be reviewed when only the incidental matter of costs is at stake.

APPEAL AND ERROR: Hearing—Advancing Cause. If there be
3 danger that lapse of time may render all questions on appeal moot, and therefore nonreviewable, with consequence that the judgment appealed from may become a final adjudication, appellant's remedy is to hasten the appeal by early filing, and, if necessary, to obtain an advancement of the appeal on the Supreme Court calendar.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

DECEMBER 15, 1919.

IN an action by the plaintiff, to obtain possession of

lands which he had leased to the defendants, the verdict found the defendants to be not guilty. Plaintiff appeals.— *Dismissed.*

*Herminghausen & Herminghausen* and *T. B. Snyder,* for appellant.

*Craig & Sprowls,* for appellees.

SALINGER, J.—I. The parties were in dispute over what was the term granted by a verbal lease. The plaintiff claimed that the lease expired on March 1, 1916; the de-

**1. APPEAL AND ERROR: decisions reviewable: forcible detention of property.** fendants, that it commenced at that time, and terminated on March 1, 1917. Plaintiff served notices to quit, on the theory that the lease had expired. Defendants re-

fused to yield possession, because they claimed the lease was not yet expired. Plaintiff then instituted action, alleging therein that defendants were refusing to vacate, in defiance of what he alleges the lease to be. He demanded the relief that, if defendants be found guilty of holding over after the termination of the lease, that judgment of removal be entered, and plaintiff put in possession, and that he have judgment for costs of suit. The answer is, in effect, a general denial, with claim that the lease had not expired. The verdict and judgment was simply that defendants were not guilty. This appeal is from that judgment. Now, whatever claims appellant may have against the appellees, the only question we have is whether plaintiff was wrongfully refused possession. If we reverse, we could not, on the issues joined, go beyond ordering a judgment of removal, and that appellant be put in possession. Appellant urges we should reverse, and give him the relief that was denied him below—remove the appellees, and

put appellant in possession. Appellees have moved a dismissal, one ground of which asserts, in substance, that appellees have removed themselves, and that appellant is at liberty to take possession, without the help of any court. We find this assertion in the motion to be true. It is, therefore, our opinion that a consideration and decision of this appeal will effect nothing, except to settle who shall pay costs. We cannot decide the appeal when nothing but that will be accomplished by the decision. *Moller v. Gottsch*, 107 Iowa 238; *Young v. Olson*, (Iowa) 115 N. W. 1020; *Kelley v. Kelley*, 187 Iowa 349. See, also, *State v. Richmond & D. R. Co.*, 74 N. C. 287; *State v. Loomis*, (Tex.) 29 S. W. 415; 2 Century Digest, Sections 63 to 84; 3 Century Digest, Section 3122.

2. APPEAL AND ERROR: costs only involved.

We agree with appellant that, on the authority of *Lewis v. Tilton*, 62 Iowa 100, and *Long v. Smith*, 67 Iowa 22, this appeal should not be dismissed, unless it appears clearly, and without conflict, that our decision would be futile. But, while the showing of movent may lack clearness on some points, and while the evidence on the motion exhibits conflicts, it is made perfectly clear, and is admitted, that appellees *have* abandoned possession, and that appellant can take it.

It is argued that the appellee has been guilty of unfair practice in the appellate court; that, while he entitled his motion to dismiss at one term, he in fact filed it at a later term, and so late as to give him the opportunity to urge for the motion to dismiss what he now does urge,—in effect, that, if appellees had acted more promptly, there would have been, ample time for a decision in this court that could effect something substantial. Quite a similar argument was made in *Moller v. Gottsch*, supra, and there held to be ineffective, even as it must so be held now.

3. APPEAL AND ERROR: hearing: advancing cause.

No matter what appellees did, we should not order their removal after they had removed themselves, nor grant a writ to obtain a possession when nothing prevents taking it.

But it is said the appellees, in fact, held over wrongfully; that there is a right, on that account, to recover double rent; that there is a claim against them for damages on account of waste; and that suit is pending in the district court, making claim on both these heads; and that, in that suit, the judgment appealed from is set up as *res judicata.* Appellant argues that, at least, said claim for double rent is "involved in this appeal." How is such a claim involved in an appeal from judgment in a suit to eject, in which appellant was defeated by verdict of not guilty, in such sense as that we should order the only thing that plaintiff prayed, and order it at a time when the very thing demanded in the only suit before us has already been done? If it were never so clear that appellees did hold over wrongfully after the termination of their lease, how does that change the rule that we may not grant relief at a time when there is no longer a right to obtain court action, because all that the court could do in any event has already been done? Any loss that appellant may suffer because we decline to make a decision now is due to the case he has pleaded, and to his permitting time to lapse. Instead of asking a judgment which lapse of time has made useless, he should have pressed matters so that there could be judgment that would not be useless. What is now urged was the best of reason for speeding the filings, which an appellant can always do, and, if necessary, obtain an advancement. But it is no reason for disturbing the settled and salutary rule that appellate courts shall not devote time and labor to moot questions.

The conclusions reached make it unnecessary to enter into the question whether a settlement or the receipt of money by appellant has lost him the right to proceed fur-

ther.   Having held that the appeal must be dismissed, reaching that result on one ground is as good as though it were done on two.   We are constrained to sustain the motion.—*Appeal dismissed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.