T. B. McGOVERN et al., Appellants, v. JAMES W. McGOVERN et al., Appellees.

**APPEAL AND ERROR:** Dismissal—Annulment Action Nullified by
1 **Will.**   Plaintiff's appeal presents nothing more than a moot question, and must be dismissed, when the purpose of his action is, as an heir, to secure, on the ground of mental incompetency, an annulment of certain deeds to lands executed by his father, and when it is made to appear that the father died testate; that his will has been probated; that said will disposed of said lands in identically the same manner in which the deeds disposed of them; and that, after the appeal in question was taken, said probate of the will had, by lapse of time, become final and unimpeachable.

**APPEAL AND ERROR:** Dismissal—Proof of Facts Nullifying Right
2 **to Maintain Appeal.**   When, after an appeal is taken, the situation of the parties so changes that appellant has no longer any right to maintain the appeal, such change of situation may be established in the appellate court by evidence *not made of record in the trial court.*

**APPEAL AND ERROR:** Dismissal—Lack of Interest.   The appellate
3 court will, on its own motion, take notice of the fact that, on the record presented, appellant has no interest in the appeal.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

January 17, 1922.

Action to set aside certain deeds on the grounds that the same were obtained by undue influence, and that the grantor was mentally incompetent to execute the same. The trial court dismissed the plaintiffs' petition.—*Appeal dismissed.*

*R. D. Robinson, B. J. Cavanagh,* and *Williams, Lawrence, Green & Gale,* for appellants.

*John L. Gillespie* and *Carney, Carney & Nelson,* for appellees.

Faville, J.—At the threshold of the case, we are confronted with a motion filed by appellees to dismiss the appeal. This motion has been ordered submitted with the case. A brief review of the history of the litigation is necessary.

1. Appeal and error: dismissal: annulment action nullified by will.

The deeds in question were executed by one James McGovern, who was a resident of Galesburg, in the state of Illinois. He was a man of considerable means, owning real estate in Illinois and the lands in question in Polk County, Iowa. He died on July 15, 1913. The appellants are children of the said decedent, and some of the appellees are his children and others are his grandchildren.

The said lands consist of a quarter section of land in Section 32 and 240 acres in Section 22, all in Beaver Township, in Polk County.

Following the chronological order of events, it appears that, on August 20, 1909, the decedent entered into a written agreement with the appellee Joseph E. McGovern, by which decedent agreed to sell to Joseph the quarter section of land in Section 32 for a consideration of $16,000.

Upon the back of this agreement are indorsed payments at different dates, from September 28, 1909, to October 2, 1912, aggregating $7,513.75 of principal and interest.

On August 20, 1909, the decedent also executed a deed conveying said quarter section of land to Joseph E. McGovern, reciting that said deed was made in accordance with the contract of even date, for the sale of said land. This deed was left in

escrow with the scrivener who drew the papers. It was recorded on October 7, 1912.

It appears that the decedent executed a number of different wills and codicils. The last will was dated May 24, 1910.

On August 26, 1912, the decedent executed a deed conveying the north half of the northwest quarter and the east half of the south half of the northwest quarter of Section 22 to Joseph E. McGovern. An error was made in the description contained in this deed, which was corrected by a subsequent deed dated October 2, 1912, conveying the west half of the south half of the northwest quarter, in place of the east half of the south half of the northwest quarter.

On August 26, 1912, decedent also executed and delivered to Elizabeth McGovern, wife of decedent's son James W. McGovern, a deed to the north half of the southwest quarter and the southeast quarter of the northwest quarter of Section 22, creating an estate for the lives of the said Elizabeth and her husband, James W. McGovern, with remainder to their children.

On the same day the decedent also executed deeds disposing of certain lands owned by him in Knox County, Illinois, to two of his children, the appellees Mary A. Lahey and Stephen McGovern.

On August 28, 1912, the decedent executed a codicil to his last will. This instrument recites that:

"Having disposed of all of my real estate, except my home in the city of Galesburg, Illinois * * * I desire to make changes in my will heretofore made by me to suit the present situation * * *

"Second, I ratify and confirm the deeds of conveyance heretofore made by me to my children."

The will and codicil were duly admitted to probate in the county court of Knox County, Illinois, on August 11, 1913.

Immediately following the death of the decedent, in July, 1913, a suit was commenced in the circuit court in Knox County, Illinois, to set aside the various deeds referred to. After trial, an appeal, and a reversal of that case, a contest on said will was joined with said action to set aside said deeds. This suit was tried to a jury, on the issue of mental incapacity and undue influence on the part of the decedent. The jury found against

the contestants, and the cause was again appealed to the Supreme Court of Illinois, and reversed and remanded for a new trial. *McGovern v. McGovern,* 282 Ill. 97.

Thereafter, on August 4, 1919, all of the parties to said action in Illinois entered into a stipulation, providing for the dismissal of said action, at complainants' costs; and on August 18, 1919, a formal judgment of dismissal, and for costs, was duly entered by the court.

The petition in this cause was filed in the district court of Polk County, Iowa, on July 18, 1913. The trial was not begun until March 27, 1919, and final decree was entered on June 14th of that year. It is now made to appear, by duly certified copy of the order of the district court of Polk County, presented with appellees' motion to dismiss, that, on March 21, 1919, the said will and codicils of the testator were duly admitted to probate in said district court of Polk County, and ordered recorded as the last will and testament of said decedent.

Appellees avail themselves of Section 4151 of the Code, and file a motion to dismiss the appeal, on the ground that the decision of this court can in no way affect the rights of the parties, and that only a moot question is involved.

Appellees' contention is that the will and codicils, having been duly admitted to probate in the state of Illinois, on August 11, 1913, cannot, under the statutes of that state, be now attacked in Illinois. The statute of Illinois on that question is duly certified as a part of appellees' motion to dismiss.

It will be noticed that the will was duly admitted to probate as a foreign will, by the district court of Polk County, on March 21, 1919.

Our statute, Code Section 3296, provides that the probate of wills, foreign or domestic, shall be conclusive as to the due execution thereof, until set aside by original or appellate proceeding. We have held that this section contemplates and provides that the probate of wills may be set aside by original proceedings brought in the district court where the will has been admitted to probate, and that the section applies to foreign wills admitted to probate in Iowa, as well as to domestic wills. *Lynch v. Miller,* 54 Iowa 516.

Under our present statute, an action to set aside a will must

be brought within two years from the time the same is filed in the clerk's office for probate, and notice thereof is given. Chapter 63, Acts of the Thirty-seventh General Assembly.

Under the statutes of Illinois, certified in the case (Chapter 148, Hurd's Revised Statutes, Par. 7), no action can now be maintained to set aside the will of the testator in the state of Illinois, the limitation for such action being one year after the probate. Neither can any such action now be maintained in this state. This being true, what effect, if any, does this situation have on the pending appeal?

Appellees' contention is that the will of the decedent ratifies and confirms the deeds that had been previously executed by the decedent, conveying his real estate to his children.

The will was executed two days after the execution of the deeds in question, except the deed to the quarter section conveyed to Joseph, which had been executed in 1909, and was in escrow. Therefore, all of the deeds were in existence at the time of the execution of the will, with the exception of the so-called "correction deed," which was executed in October, 1912, merely to correct an apparent error in the description contained in one of the deeds.

Appellees' contention at this point is that the only issues involved in the instant case are as to the mental incapacity of the grantor in the said deeds, and whether or not there was undue influence in the procurement of the same. It is contended that, even though we should reverse the decision of the trial court, and should hold that the deeds were, in fact, obtained by undue influence, and that the grantor was mentally incompetent to execute the same, the result would avail the appellants nothing whatever, for the reason that the will ratified and confirmed the said deeds, and that the validity of the will is in no way involved in this action, and that no action can now be brought to vacate and set aside the said will, and that it must stand as a verity, incapable of attack or impeachment.

The appellants resist the motion of the appellees to dismiss the appeal, said resistance being based chiefly
2. APPEAL AND ERROR: dismissal: proof of facts nullifying right to maintain appeal.
on the ground that the matters set up by the appellees in their motion to dismiss, were not made of record in the trial court in the instant

case, and therefore cannot be considered by us upon the motion to dismiss. This contention on the part of the appellant is not well taken. Our statute is broad in regard to the matter of the submission of a motion to dismiss an appeal. Code Section 4151 is as follows:

"Where appellant has no right, or no further right, to prosecute the appeal, the appellee may move to dismiss it, and if the grounds of the motion do not appear in the record, or by a writing purporting to have been signed by the appellant and filed, they must be verified by affidavit."

Code Section 4152 provides as follows:

"The appellee may, by answer or abstract filed and verified by himself, agent or attorney, plead any facts which render the taking of the appeal improper or destroy the appellant's right of further prosecuting the same, to which the appellant may file a reply or abstract likewise verified by himself, his agent or attorney, and the question of law or fact therein shall be determined by the court, upon such evidence and in such form as it may prescribe."

Under these provisions of the statute, it is clear that our practice provides for just such a proceeding as has been instituted by the appellees in this court. Appellees filed herein their motion to dismiss this appeal, on the ground that the appellants have no further right to prosecute the same, because, by reason of the changed situation disclosed, it will avail the appellants nothing whatever to reverse the case, and only a moot question is presented for our consideration.

The statute expressly provides that, where the grounds of the motion to dismiss do not appear in the record, the facts which destroy the appellants' right to further prosecute the appeal may be shown by answer or abstract, duly verified.

In accordance with this provision, the appellees have supported their motion to dismiss the appeal, with duly certified and exemplified copies of the records, showing the facts upon which they predicate their right to dismiss the appeal, which records have established before us the ultimate question of fact that the will of the decedent was duly admitted to probate in Knox County, Illinois, and that the action to vacate and set aside the same was finally dismissed by judgment of said

court, and that the will was duly admitted to probate in the district court of the state of Iowa, in and for Polk County, on March 21, 1919.

The fact is also established, by proper record in support of said motion, that no action can now be brought to vacate and set aside said will under the statutes of the state of Illinois. It also is apparent that, under our own statute of limitations, no action can now be brought to vacate and set aside said will in the state of Iowa.

The appellants do not controvert the facts in regard to this record, and their contention that the matters which have so arisen since the trial of the case were not made of record in the lower court, and therefore do not come before us on the appeal in the regular way, is obviously not well taken.

We must and do hold, upon the showing made, that the will of the testator cannot now be attacked, either in the state of Illinois or in this state. That being true, we are met with the question as to whether or not a decision of the instant case, under the existing conditions, involves anything more than the determination of a moot question.

As stated, this action is brought to vacate and set aside certain deeds. The appellants alleged their right to maintain the action because they were children and heirs at law of the grantor in the deeds. The appellees admitted the allegations of the appellants' petition to that effect, and alleged in their cross-bill that all of the parties to this action are heirs at law of the said James McGovern, deceased. It is the appellees' contention that the appellants have no longer the right to prosecute this appeal as heirs at law of the said decedent, because, upon the record now shown in support of this motion, it affirmatively appears that the decedent left a will which disposed of the said property, which will has now been admitted to probate, established as a verity, and cannot now be impeached, because of the statute of limitations.

If appellees are right, the only thing that could possibly be ultimately affected by our decision would be a matter of costs, and we have held that we will not pass upon and determine an appeal where the only question involved is one of costs.

We have also repeatedly refused to determine a moot ques-

tion, under circumstances where the rights of the appellant could not be affected by a reversal, because of matters that had arisen since the trial of the case in the lower court.

As illustrating our holdings under various conditions, see *Moller v. Gottsch,* 107 Iowa 238; *Mississippi & M. R. Co. v. Byington,* 14 Iowa 572; *Independent Dist. of Altoona v. District Twp. of Delaware,* 44 Iowa 201; *Cutcomp v. Utt,* 60 Iowa 156; *Boos v. Dulin,* 103 Iowa 331; *Potts v. Tuttle,* 79 Iowa 253; *West v. Fitzgerald,* 72 Iowa 306; *Berry v. City of Des Moines,* 115 Iowa 44; *Sawyer v. Termohlen,* 144 Iowa 247; *Hatz v. Board of Supervisors,* 173 Iowa 366; *Palmer v. Wolf,* 178 Iowa 932; *Independent Sch. Dist. v. Pennington,* 181 Iowa 933; *In re Estate of Hoyt,* 182 Iowa 876.

Appellants submit no argument in support of their resistance to the motion to dismiss the appeal, as is allowed under Section 43, Paragraph 4, of our rules. This should have been done. Appellees' argument on the question is very limited. It is exceedingly unfair to the court to permit a question of this importance to be submitted without the aid of briefs and arguments of counsel.

A very similar question was presented to the Supreme Court of Illinois in the appeal of the suit involving the deeds in this state. *McGovern v. McGovern,* 268 Ill. 135 (108 N. E. 1024). A suit was commenced, to vacate and set aside the deeds executed by the decedent conveying certain property in Illinois. These deeds were executed on the same day as the deeds in controversy in this action. Almost contemporaneously with the bringing of the action in Illinois, this suit was started in the district court of Polk County. The case, however, was held in abeyance, and, as before stated, was not tried for nearly six years after it was started. In the suit in Illinois, the defendants therein did not set up the said will of the decedent as a defense, but offered the same in evidence, and raised the question that, even if the deeds were set aside, the will would still prevail, and that plaintiffs could not maintain their action as heirs at law of the decedent. The situation was somewhat similar to the one presented to us in the case of *Thomas v. Timonds,* 179 Iowa 509. In that case, we said:

"Defendant moved that further proceedings in this case be

stayed until the contest interposed by plaintiffs to the admission of the decedent's will to probate be determined. That instrument purported to devise and bequeath all his property to defendant. The motion was sustained, and from such order plaintiffs have appealed. Manifestly, if the will is found invulnerable to the charge that its execution was the,product of undue influence exercised by defendant, or that the decedent was of unsound mind, then defendant would take the property in controversy under the will, regardless of who might succeed in this action. In that event, a trial of this suit in equity would be unnecessary. On the other hand, were this case heard first, as the several transfers antedate the will considerable periods, the decision would not be decisive of the will contest. Moreover, until the will should be admitted to or denied probate, it could not be known whether the plaintiffs had such an interest in the property as would entitle them to maintain the suit to set the deeds and assignments aside. For these reasons, the court rightly ordered that the contest on the probate of the will be first determined.''

In the case in Illinois, it was contended that, inasmuch as the will was proved by the defendants, in order for the plaintiffs to show any right in the property it was necessary that the issue as to both the deeds and the will should be tried out. The court said:

''The two deeds here sought to be set aside were dated and executed August 26, 1912. The original will, dated May 24, 1910, devised the real estate mentioned in the bill here, to the same grantees, substantially as specified in the respective deeds, and the second codicil, dated August 28, 1912, two days after said deeds were executed, specifically stated that the testator had disposed of all of his real estate except his home in Galesburg, Clause 2 therein providing, among other things: 'I ratify and confirm the deeds of conveyance heretofore made by me.' The pleadings in the case made no reference of any kind to said will or codicils. On the trial of the case, appellants introduced said will and codicils, along with the certificate of probate thereof. * * * The rule has long been established that, in equity proceedings, the plaintiff must show an actual existing interest in the subject-matter of the suit, and will not be permitted to

bring a bill for part of a matter only, so as to expose a defendant to be harassed by repeated litigations concerning the same thing; that the bill should be so framed as to afford ground for a decision on the whole matter at one and the same time, and, so far as possible, prevent future litigation concerning it; that courts of equity discourage, so far as practicable, unreasonable litigation. 1 Daniell's Ch. Pl. & Pr. (6th Am. Ed.) 316, 330, 331; Story's Eq. Pl. (10th Ed.) Sec. 287; Mitford & Tyler's Pl. & Pr. in Eq. 275; Cooper's Pl. *185. One of the favorite objects of a court of equity is to do full and complete justice by avoiding multiplicity of suits. *Spear v. Campbell,* 4 Scam. 424. From this record it is self-evident that the two issues,—that as to the validity of the deeds and that as to the will and codicils,—involve the same subject-matter. The deeds and the second codicil were executed within two days of each other, and it is manifest from this record that most, if not all, of the facts that might tend to show the invalidity of one would also tend to show the invalidity of the other, especially on the questions of mental incapacity and undue influence. Beyond question, if the deeds and codicils referred to in this case were valid, the setting aside of these deeds would not in any way benefit appellants. * * * Counsel argue further that appellees, not having raised this question by the pleadings, were estopped from raising it on the hearing. Objections that the plaintiff has no interest in a suit, if the defect appears on the face of the bill, should be regularly taken by demurrer or motion to dismiss, and, if not patent on the face of the bill, then by plea or answer. If the plaintiff's interest is indispensable to a decision of the matter in dispute on the merits, the courts will, on their own motion, take notice of the want of such interest. * * * Moreover, as already stated, the last codicil of the will ratified and confirmed the deeds here in question, and therefore, even though there had been a misdescription in the original will of this specific property, it would still be devised by the second codicil."

In the instant case, the will of the decedent was not offered in evidence in the lower court, and was in no way referred to in the pleadings as they were finally made up. Appellants pleaded that they were children and heirs at law of the decedent; and the appellees, by answer and by cross-bill, also alleged that

they and the appellants were children and heirs at law of the decedent. No proof was offered in the record as to whether the decedent died testate or intestate. The appellees caused the will of the said decedent, which had been admitted to probate in Illinois, to be admitted to probate in the district court of Polk County, at or about the time the trial of this cause commenced in said court. Having done this, the appellees merely bided their time until the statute of limitations had run, and now present to us the records in respect to the admission of said will to probate, and, by their motion to dismiss the appeal, raise the question that the appellants cannot now maintain this action, because it appears that the decedent died testate; that the will has been established by the probate court of Illinois and admitted to probate in Iowa; that the statute of limitations has run; and that the will, being so established, defeats any right of the appellants to in any event claim said property as heirs at law of the decedent. This practically presents for our consideration the question of the appellants' right to maintain this action as heirs at law of the decedent, in view of the fact that there has been established and admitted to probate the will of the said decedent, and that the same is now no longer subject to impeachment.

This motion requires us to pass upon the question that was determined by the Supreme Court of Illinois in the case before it, involving the deeds in that state. That court held that, in

3. APPEAL AND ERROR: dismissal: lack of interest.

order for the appellants in said action, who are identical with the appellants in this action, to secure a standing in court to set aside the deeds of the decedent, they must also establish the invalidity of the will and codicil; since otherwise they would have no interest in the property alleged to be conveyed by said deeds, and no right to prosecute the case. It is now made to appear before us, not only that there was, in fact, such a will of the decedent, but that it has been established and admitted to probate, and cannot now be called into question. Practically the same question comes to us now, in another form, that was presented to the Supreme Court of Illinois. As stated by that court, the fact that appellants have an interest in the property is indispensable to a decision of the matter in dispute on the merits, and the

courts will, on their own motion, take notice of the want of such interest.

It is now made to appear before us, by the record in support of the motion of the appellees, that there is in fact outstanding a valid and subsisting will of the decedent, which will has been admitted to probate, and is established as a verity, and cannot now be impeached, and which will fails to give appellants any rights in the premises in controversy.

Appellants had a standing in court to impeach these deeds, solely on the theory that the grantor therein died intestate, and that they, as his heirs at law, would have an interest in the property if the deeds were vacated. It is now made to appear that not only did the grantor not die intestate, but that his will has been established, and cannot now be set aside.

Appellants file a resistance to appellees' motion, but nowhere is it claimed that the property in controversy does not pass under the terms of said will. The appellants, therefore, cannot now claim an interest in said property, as heirs at law of the decedent. How, then, can they maintain this appeal? What further right have they, as heirs at law, to prosecute this action, under the showing now made before the court?

When the case was tried, the appellants had a standing in court as heirs at law of the decedent, upon the face of the record, but under the terms of the statute, Code Section 4151, it is now made to appear that they have no longer a right to prosecute the appeal, because it affirmatively appears that they could not, in any event, under the present conditions, claim the property as heirs at law of the decedent, which is the only capacity in which they claimed any right to attack the deeds. This being true, and the record before us establishing such fact without dispute, it necessarily follows that the appeal must be dismissed.

We acquiesce in the conclusion reached by the Illinois court in the controversy in that state. The appellants herein cannot maintain this action solely in the capacity as heirs at law of the decedent, in the face of an established will, which cannot now be set aside or impeached by them.

Appellants contend, in resistance to the motion, that the will was not offered in evidence in the trial court. That is true, but appellees' contention is that the record shows that it

had been admitted to probate at that time, and that the statute of limitations had not then run, as is now the case. The appellants knew of the existence of the will and of its admission to probate, as shown by the records filed before us. In the Illinois case, the court said:

"Counsel·for appellants suggest that, when they filed the original bill in this case, the will had not been probated, and therefore no other avenue was left open to them than to file this action to set aside the deeds, alone. There might be force in this contention if the proof showed that they knew nothing about the will and codicils at the time they filed the original bill. Be that as it may, the will and codicils were probated long before they filed their amended bill, and they could, at any time after the will was probated, have asked leave to amend the bill in a proper way, so as to bring the question of the validity of the will and codicils into this proceeding."

For some reason, the appellants, knowing of the existence of the will and of its due admission to probate, and after having dismissed their case in Illinois, involving its validity, saw fit to try this case on the theory that the grantor in the deeds died intestate, and that they could maintain this action as his heirs at law. We think the Supreme Court of Illinois was correct in its conclusion that the appellants could not maintain an action to vacate the deeds executed by the decedent as his heirs at law while there was outstanding of probate the will of said decedent, under which appellants would have no interest in the property in question. There is even more reason to apply such rule where the will has not only been admitted to probate, to appellants' knowledge, but can now no longer be subject to attack.

Upon the record now before us, we think it affirmatively appears that the appellants have no longer any right to prosecute this appeal, because, as heirs at law of the decedent, they do not appear to have any interest in the property in controversy.

The motion of the appellees must be sustained. It is so ordered.—*Appeal Dismissed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.