HARRY MANNING et al., Appellants, v. MARTIN J. HEATH, Appellee.

OCTOBER 23, 1928.

*Henry W. Wormley,* for appellants.

*George W. Sturges,* for appellee.

WAGNER, J.—On August 19, 1922, the plaintiff, Heath, and the defendant Williams entered into a written lease for a farm of approximately 80 acres, for a period of 5 years, from March 1, 1923, to March 1, 1928. The lease provided that, if Williams "shall assign this lease or underlet said premises or any part thereof, then this lease shall, at the election of the first party, be null and void, and the first party or his legal representatives shall have the right to take possession of said premises."

Williams remained upon the farm until on or about the 14th day of February, 1927, when he, having entered into a contract with the Standard Oil Company to sell its products, removed therefrom into the town of Remsen. On February 5, 1927, Williams held a general farm sale on the leased farm, selling all of the products raised upon the farm and the personal property he had used in the cultivation thereof. The defendants Manning, being husband and wife, moved upon the farm the same day that Williams removed therefrom.

Heath, claiming that Williams had made an assignment of the lease to Manning, elected to declare a forfeiture thereof, and served upon both Williams and the Mannings "a notice to quit," and of his said election. There is evidence in the record of declarations by Williams that he had sold the lease to Harry Manning, and by the said Manning that he had bought the lease from Williams. Before the Mannings moved upon the farm, a written contract was entered into between the defendant Williams and the defendant Harry Manning, in which it is provided that Williams has employed the said Manning to move on said premises, as soon as requested to do so by said Williams, to work for said Williams and to farm said premises for said Williams as directed and required by said Williams from time to time until March 1, 1928, and that Manning is to receive of the profits of said farm the sum of $800, payable as he may require, but not to exceed the sum of $75 in any one month; that Manning is to work and farm said premises for Williams, and furnish and use his own horses and machinery, live stock, and poultry.

The contract further provides:

"The said Manning has paid and deposited with said Williams the sum of $100.00 as security for his good faith in carrying out his part of this contract, which sum is to be repaid to the said Manning, out of the profits of said farm, above the amount of rent to be paid to Martin J. Heath by Williams, and the $800.00 to be paid for labor, except that in case the said Manning fails to complete his contract as set out herein, the same be retained by the said Williams as liquidated damages for said failure to perform."

The possession of the farm not having been surrendered, in accordance with the notice to quit which was served upon the

defendants, Heath commenced this action of forcible entry and detainer in the justice court. Upon trial there had, a verdict was returned in favor of the defendants. Appeal was taken to the district court, where, in April, 1927, trial was had to the court and jury. At the close of all the evidence, both the plaintiff and the defendants made motion for directed verdict, and the motion of the defendants was overruled, and that of the plaintiff sustained, and the court rendered judgment upon the verdict that the defendants be removed from the premises, and that the plaintiff be put in possession thereof, and that execution issue accordingly, and rendered judgment against the defendants for costs. The defendants have appealed.

For reasons hereafter given, we make no pronouncement upon the construction of the written contract between Williams and Manning, nor as to whether the same was entered into in good faith, as a contract of employment, or as a mere subterfuge, nor as to whether the arrangement between Williams and Manning constituted an assignment of the lease, nor upon any of the alleged errors which are assigned as having been committed by the trial court, and we do not adjudicate any right of damages, as between the parties.

The lease from Heath to Williams expired, according to its terms, on March 1, 1928. Therefore, the rights of Williams and of the Mannings, claiming under him, to the possession of the farm, have long since expired. If we should reverse this case on the appeal of the defendants, and remand it for a new trial, it is apparent that the defendants could not prevail; for their right to the possession, in any event, terminated on March 1, 1928. The question as to who is now entitled to the possession of the farm has, by lapse of time, become moot, or academic.

" * * * courts are not organized for the purpose of determining mere abstractions." Cutcomp v. Utt, 60 Iowa 156.

"There must be real, present questions, involving actual interests and rights of the parties, to authorize us to consider the cases in which they arise. We will not settle questions which were involved in rights now no longer existing; and when, in a case pending in this court, rights cease to exist, the appeal will be dismissed." Chicago, R. I. & P. R. Co. v. Dey, 76 Iowa 278.

If the appellants are right in their contention, the only thing

that could possibly be ultimately affected by our decision at this late day would be the matter of costs, and we have repeatedly held that we will not determine an appeal where the only question involved is one of costs.

"If the right in controversy has expired by lapse of the period of time fixed for its continuance, the appeal will be dismissed." 4 Corpus Juris 578.

"We have also repeatedly refused to determine a moot question, under circumstances where the rights of the appellant could not be affected by a reversal, because of matters that had arisen since the trial of the case in the lower court." *McGovern v. McGovern*, 192 Iowa 1196.

"The time during which defendant claimed the right of possession [this being a forcible entry and detainer case] having long since expired, and he having been removed from the farm, the only practical effect of any decision that we could make on this appeal would be as to who is liable for costs." *Moller v. Gottsch*, 107 Iowa 238.

In *Hampton v. McKeehan*, 187 Iowa 1141, an action for forcible entry and detainer, the verdict in the trial court was for the defendants, and the plaintiff appealed, and we dismissed the appeal therein, saying:

"But it is said the appellees, in fact, held over wrongfully; that there is a right, on that account, to recover double rent; that there is a claim against them for damages on account of waste; and that suit is pending in the district court, making claim on both these heads; and that, in that suit, the judgment appealed from is set up as *res judicata*. Appellant argues that, at least, said claim for double rent is 'involved in this appeal.' How is such a claim involved in an appeal from judgment in a suit to eject, in which appellant was defeated by verdict of not guilty, in such sense as that we should order the only thing that plaintiff prayed, and order it at a time when the very thing demanded in the only suit before us has already been done? If it were never so clear that appellees did hold over wrongfully after the termination of their lease, how does that change the rule that we may not grant relief at a time when there is no longer a right to obtain court action, because all that the court

could do in any event has already been done? Any loss that appellant may suffer because we decline to make a decision now is due to the case he has pleaded, and to his permitting time to lapse. Instead of asking a judgment which lapse of time has made useless, he should have pressed matters so that there could be judgment that would not be useless. What is now urged was the best of reason for speeding the filings, which an appellant can always do, and, if necessary, obtain an advancement. But it is no reason for disturbing the settled and salutary rule that appellate courts shall not devote time and labor to moot questions.''

In *Doidge v. Bruce* (Iowa), 116 N. W. 726 (not officially reported), an action was brought by the plaintiff to enjoin the defendants from trespassing upon his land. The issue as between the parties was as to whether the lease between them expired in September, 1906, or March 1, 1907. Upon trial in the district court, a permanent injunction was decreed, and an appeal was taken to this court, and was by the court dismissed, we holding therein that the rights of the appellant to make use of the land expired, in any event, on March 1, 1907, and that there is nothing involved but a moot question.

For cases holding that the appeal should be dismissed where the matter in controversy, such as the right of possession of real estate, has become moot by reason of the lapse of time, and there is nothing involved, except the matter of costs, see *Hampton v. McKeehan,* 187 Iowa 1141; *McFarland v. McGhee,* 199 Iowa 542; *Moller v. Gottsch,* 107 Iowa 238; *Kelley v. Kelley,* 187 Iowa 349; *Stark & Co. v. Barnett* (Iowa), 116 N. W. 719 (not officially reported); *Doidge v. Bruce* (Iowa), 116 N. W. 726 (not officially reported); *Young v. Olsen* (Iowa), 115 N. W. 1020 (not officially reported); *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa 278; *Cutcomp v. Utt,* 60 Iowa 156; *Hatz v. Board of Supervisors,* 173 Iowa 366; *Berry v. City of Des Moines,* 115 Iowa 44; *McGovern v. McGovern,* 192 Iowa 1196; *State ex rel. McNulty v. Porter,* 58 Iowa 19.

For the reasons hereinbefore given, it is ordered that the appeal of the defendants be, and the same is hereby, dismissed. —*Dismissed.*

STEVENS, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.