IVA GLEE OLSEN, appellant, v. GILBERT MARTENS, appellee.

No. 48232.

(Reported in 57 N.W.2d 805)

742

Leonard W. Fromm, of Harlan, for appellant.

L. W. Powers, of Denison, for appellee.

OLIVER, J.—This is a forcible entry and detainer proceeding, involving sixty-eight acres of farm land owned by plaintiff. The petition alleged defendant had occupied and used the land as a cropper for several years and was wrongfully continuing such occupancy for the 1952 crop year. Defendant's answer denied he was a mere cropper and alleged he was a tenant, renting the premises from plaintiff by the year (March 1 to March 1) under an oral lease; that no notice of the termination of the tenancy had been given prior to November 1, 1951, and the lease was therefore extended by operation of law, for an additional year commencing March 1, 1952. See sections 562.6 and 562.7, Code of Iowa, 1950.

Trial resulted in judgment for defendant in June 1952, and this appeal by plaintiff. March 9, 1953, defendant moved to dismiss the appeal on the ground the question of possession of the land had become moot, defendant having claimed the right of possession to March 1, 1953, only, and having removed his property from the premises and surrendered possession accordingly. It is conceded plaintiff repossessed the property upon defendant's removal. Plaintiff resists such dismissal contending it will impair her right to claim damages for rentals or for injuries sustained by reason of her inability to deliver possession of the premises to a purchaser on March 1, 1952. We conclude the motion to dismiss the appeal should be sustained.

Hampton v. McKeehan, 187 Iowa 1141, 1144, 175 N.W. 5, 7, was an appeal by a landowner from an adverse judgment in a forcible entry and detainer suit brought by him against his tenants. Appellees moved to dismiss the appeal on the ground they had already surrendered the premises at the expiration of the

term claimed by them. In resistance appellant set up another pending action brought by him against appellees for double rent and damages for waste. The court dismissed the appeal, stating a decision would have no effect except as to costs and that relief will not be granted when all the court can do in any event has already been done. "Any loss that appellant may suffer because we decline to make a decision now is due to the case he has pleaded, and to his permitting time to lapse. Instead of asking a judgment which lapse of time has made useless, he should have pressed matters so that there could be judgment that would not be useless. What is now urged was the best of reason for speeding the filings, which an appellant can always do, and, if necessary, obtain an advancement. But it is no reason for disturbing the settled and salutary rule that appellate courts shall not devote time and labor to moot questions."

This decision was followed in Manning v. Heath, 206 Iowa 952, 956, 221 N.W. 560, 561, which cites various authorities in support of the rule "that the appeal should be dismissed where the matter in controversy, such as the right of possession of real estate, has become moot by reason of the lapse of time, and there is nothing involved, except the matter of costs."

We reaffirm that doctrine.—Appeal dismissed.

All Justices concur.