S. T. BERRY *et al.*, Appellees, v. CITY OF DES MOINES, Appellee, DES MOINES CITY RAILWAY COMPANY, Appellant.

**Taxation:** STREET IMPROVEMENT: *Review in district court.* On an appeal from an assessment for street improvements under Code, section, 839, providing that any person affected by the levy may appeal to the district court, and that all questions touching the validity of the assessment, or the amount thereof, shall be determined, such court is confined to a determination of the validity or extent of the assessments against the persons taking the appeal, and cannot make any orders affecting persons interested in the assessment who have not appealed.

PARTIES NOT APPEALING. On an appeal from an assessment for street improvements, taken under Code, section 839, a person affected by the assessment, who has not appealed therefrom, cannot appear in the district court and attack the validity of the assessment.

*Same.* Since, on an appeal to the district court from an assessment for street improvements, taken under Code, section 839,

the court can decide only those questions which go to the validity or extent of the assessment as to the person taking the appeal, a street railroad company between and along whose tracks the paving has been laid, which has not joined in the appeal, cannot appear and defend against the contention of appellant that he cannot be legally assessed for the portion of the pavement between the street car tracks and one foot on the outside thereof.

Review on Appeal: VACATION OF ASSESSMENT PENDING APPEAL. Where, pending appeal to the supreme court from an order of the district court on appeal from an assessment, the assessment is vacated, its validity will not be determined.

*Appeal from Polk District Court.*—Hon. C. A. Bishop, Judge.

TUESDAY, OCTOBER 22, 1901.

THIS is an appeal from proceedings to assess the cost of paving certain streets in the city of Des Moines to the street railway and to abutting property owners. The trial court found that the assessment against the abutting property owners, in so far as it included the cost of paving between the rails of the street railway company and one foot outside each rail thereof, was illegal, and that the same should be vacated. Otherwise the assessment was held valid. The street railway company was allowed to come into the case, and it appeals from said order.—*Dismissed.*

*N. T. Guesrnsey* for appellant.

*J. E. Mershon* and *W. C. Strock* for appellee City of Des Moines.

*Bailey, Ballreich & Preston* for appellees Berry and others.

DEEMER, J.—The action is a special one under section 839 of the Code, which reads as follows: "Any person affected by the levy of any special assessment provided for

in this chapter, may appeal therefrom within 10 days from the date of such levy by serving written notice * * * and filing bonds for costs. * * * Upon such appeal all questions touching the validity of such assessment or the amount thereof and not waived under the provisions of this chapter, shall be heard and determined. The appeal shall be tried as an equitable action, and the court may make such assessment as should have been made, or direct the making of such assessment by the council." Plaintiffs, who are abutting property owners, alone appealed from the assessment made by the city council. The street railway company did not appeal, but was allowed to come into the case in the district court as a defendant, and it there filed an answer attacking the validity of the assessment and resisting plaintiffs' effort to be allowed exemption for the cost of paving inside the rails of the street railway and one foot outside thereof. While the street railway company seems to have been made a defendant, yet it joined with plaintiffs in an attack on the whole assessment, and is in hostility to them on but one proposition. Its position in the case is novel, to say the least. It did not appeal from the assessment, and does not appear under the provisions of the section of the statute quoted. By what authority it was made a party defendant we are not advised. In its pleading it joined with plaintiffs in an attack upon the entire assessment. This it had no right to do because it did not appeal from the assessment. It was, perhaps, interested in having plaintiffs pay the entire cost of paving the street, or as much thereof as it could induce the court to assess against them, but unless it appealed, it could not be relieved of any part of the assessment, nor assert that others should bear a part thereof. The district court is not made an independent assessing tribunal, and we may say parenthetically that we doubt if it could be, and the only question it could decide was the validity or extent of the assessment made against the persons who appealed from the

action of the assessing tribunal. It had no power to make an entirely new assessment against all persons liable thereto, and no one not properly a party to the action would be bound thereby. The street railway company was no doubt interested in having as much of the assessment made against plaintiff's property as possible, and to that extent, perhaps, was interested with the city in resisting plaintiffs' appeal. But, as the company did not appeal from the original assessment, the district court could not make another which would injuriously affect it. If, then, the company is properly in the case at all, it is for the purpose of resisting plaintiffs' appeal from the assessment made against their property. The record shows, however, that, before the appeal to this court was taken, the city council rescinded, vacated, and set aside the entire assessment from which plaintiffs appealed to the district court. Plaintiffs at no time asked relief against the railway company, nor did they ask that the portion of the assessment complained of be taxed to the railway company; and, if they had, the relief could hardly have been granted in these proceedings. As the entire assessment of which plaintiffs complained has been set aside, there seems to be nothing in controversy but the moot question of the right of the city council to assess the cost of paving between the rails of the street railway company and one foot outside thereof. The entire assessment has been set aside, and we are, in effect, asked to determine what the rule shall be in the event a new assessment is made by the city council. Nothing but this abstract question appears to remain. That we will not decide such questions, see *Chicago, R. I. & P. R. Co. v. Dey,* 76 Iowa, 278, and cases cited.

The appeal is therefore DISMISSED.