Northwestern Trading Company, Appellee, v. Western Live Stock Insurance Company, Appellant.

PLEADING: Bill of Particulars—Authorized General Pleadings—
1 Conditions and Exceptions. A motion for a more specific statement will not lie as to matters which are, *under statutory permission*, pleaded generally, nor as to matters which the pleader is under no obligation to negative. So held as to certain exceptions and conditions precedent contained in a policy of insurance. (Section 3626, Code, 1897.)

PLEADING: Bill of Particulars—Facts Already Possessed by
2 Movent—Facts Constituting Defense. A movent may not predicate prejudicial error on the overruling of a motion for more specific statement when the information desired is *already in his possession*, or, if not in his possession, such lack of possession affords movent a *complete defense* to plaintiff's action. So held where defendant, in an action on a policy of insurance, prayed for details as to the time, place, and circumstances of the death of insured animals, when, presumptively, he already had such information in his possession, under required proofs of loss; while, if he did not have such proofs of loss, he was armed with a complete defense to plaintiff's action.

PLEADING: Bill of Particulars—Undue and Burdensome Details—
3 Pleading Evidence. The fact that to sustain a motion for more specific statement would (a) compel, to some extent, a pleading of evidence, and (b) load the pleading with undue and burdensome details, may be influential in justifying a denial of the motion.

APPEAL AND ERROR: Reservation of Grounds—Points First
4 Raised on Appeal. Points made for the first time on appeal will not be considered.

*Appeal from Polk District Court.*—Thos. J. Guthrie, Judge.

November 21, 1917.

Action on a policy of live stock insurance, brought to recover for the death of 260 head of horses. The defendant filed a motion for more specific statement, calling for a detail of the circumstances of the death of each animal, including the time and place thereof. This motion was overruled, and the defendant has appealed from such ruling.— *Affirmed.*

*Stipp, Perry, Bannister & Starzinger* and *Thomas J. Graydon,* for appellant.

*Dunshee, Haines & Brody,* for appellee.

Evans, J.—It appears from the petition and from the exhibits attached thereto that the plaintiff was engaged in purchasing a large number of horses for the purpose of shipment to foreign countries of Europe.

1. PLEADING: bill of particulars: authorized general pleadings: conditions and exceptions.

The defendant issued to the plaintiff its policy of insurance, purporting to insure the plaintiff against loss by death from accident or disease of such horses, the insurance being limited to $120 on each horse. The policy is what is known as an "open policy," No. 10261. No particular horses were specified or identified on the face of the policy, but provision was made therein that such specification was contained in schedules attached to the policy. Such schedules were in fact attached, and each animal insured was identified therein by a hip brand and by a hoof number and by geographical location. This open policy also contained the following proviso:

"Also this policy may include further and additional insurance under the same conditions and at the same premium, and individual amount of insurance. Requests for

further or additional insurance to be made by the assured by telegraph or registered letter. Said insurance to in no instance become effective until receipt of request by the company and payment of premium."

Pursuant to the foregoing provision, 58 supplemental contracts of insurance were attached to the policy, together with the schedules of identification. These supplemental contracts were entered into on successive dates, running from December 28, 1915, until January 31, 1916. Four thousand two hundred horses were thereby included in the policy and its supplements. The petition averred in substance that 260 of the animals thus insured died from disease and accident covered by the terms of the policy. The petition also averred that the plaintiff had complied with all the conditions precedent of the policy, and it asked to recover its loss to the extent of $120 per horse thus lost. It attached to its petition a schedule of identification of each horse thus claimed to have been lost, giving the hip brand and the hoof number thereof, the date of its purchase, the date of its death, the date of death certificate, and the date of the supplemental contract which covered the loss. The defendant filed a motion for more specific statement, as follows:

"1. Let the plaintiff be required specifically to state where and at what place each of the 260 horses referred to in Paragraph 6 of its petition died.

"2. Let the plaintiff be required specifically to state from what disease or cause or causes each of the 260 horses mentioned in Paragraph 6 of its petition died.

"3. Let the plaintiff be required specifically to state when each of said 260 horses mentioned in Paragraph 6 of its petition became ill, and the nature of the illness or disease.

"4. Let the plaintiff be required specifically to state the length or duration of the illness or disability of each

of the 260 horses mentioned in Paragraph 6 of its petition.

"5.  Let the plaintiff specifically state whether it gave immediate notice by telegraph to the home office of defendant of the illness of each or any of the 260 horses mentioned in Paragraph 6 of its petition, and set out copies of such telegraph notices (if any) so given the defendant.

"6.  Let the plaintiff be required to state whether the death of any of said horses (and, if so, which ones) was caused by any person, whether acting under or by virtue of law or otherwise.

"7.  Let the plaintiff specifically state, in respect of each or any of said 260 horses, whether it secured the services of a licensed veterinarian to attend same; and if it did secure the services of a licensed veterinarian to treat said horses when ill, the name of said veterinarian, when he attended said horses with respect to the date of the illness of each animal so attended, and which specific animals were so attended.

"8.  Let the plaintiff state whether its interest in said 260 horses mentioned in Paragraph 6 of its petition was sole, entire, unincumbered and unconditional ownership, or whether the said horses were in any wise pledged or a lien or mortgage given thereon, and, if so, to whom.

"9.  Let the plaintiff state whether it had parted with its ownership of, or interest in, any of said horses mentioned in Paragraph 6 of its petition, prior to the death thereof; and, if so, which horses and to whom.

"10.  Let the plaintiff state whether the death of any of said horses was caused by anthrax, or drowning.

"11.  Let the plaintiff state whether the death of said horses or any of them (and, if so, which ones) was from an unknown cause; and, if so, whether a post mortem was had by a licensed veterinarian, and the cause of death thereby

determined, and a report thereof immediately furnished the defendant.

"12.   Let the plaintiff specifically state whether it gave immediate notice by telegraph to, defendant at its home office, Peoria, Illinois, of the death of each of the 260 horses mentioned in Paragraph 6 of its petition, therein stating: First, number of policy and number and hoof mark of horse; second, date and cause of death; third, name of attending veterinarian and his address; and if plaintiff answers that it did give such immediate telegraphic notice of the death of each or any of said horses, let plaintiff state when said telegraphic notice was given in each case and set out copies thereof.

"13.   Let plaintiff be required specifically to state if, and when, and in what cases, if at all, it gave defendant immediate telegraphic notice of the illness of the horses for the death of which it seeks to recover, and to set out copies of such telegraphic notices, if any.

"14.   Let the plaintiff be required specifically to state if, and when, and in what cases, if at all, it gave defendant telegraphic notices of the death of the horses, for which death it seeks to recover; and to set out copies of such telegraphic notice of death, if any."

This is the motion that was overruled by the trial court.   Grounds 5, 12, 13 and 14 are not pressed upon our attention.   The other grounds are insisted upon by appellant upon this appeal.

While the policy in suit purports in general terms to insure against loss by death from disease or accident, it nevertheless specifies certain diseases and certain forms of accident which are excepted from the insurance.   These specifications are for the most part set forth upon the back of the policy.   All the grounds of the motion except the first are predicated upon these purported exceptions in the policy and upon the back thereof.   Some of these excep-

tions, such as Numbers 7, 8, 9 and 11, are in the nature of conditions precedent.

Under our statute, the plaintiff was not required to negative the exceptions, nor to plead other than in general terms the performance of conditions precedent. It is quite plain, therefore, that none of the grounds of the motion here specified were well taken.

**2. PLEADING: bill of particulars: facts already possessed by movent: facts constituting defense.**    Ground No. 1 of the motion presents a somewhat different question. On first impression, it would seem quite reasonable in such a case to require the plaintiff to state the time, place and circumstances of the death of an animal for the loss of which he sues. After much consideration, and contrary to our first impressions, we have reached the conclusion that this ground also was properly overruled. It is undoubtedly true that a defendant is entitled to sufficient allegations in the plaintiff's petition to enable the defendant fairly to prepare for trial. On the other hand, one of the functions of any pleading is to enable the court to know in advance the general nature of the controversy, without undue and burdensome detail.

**3. PLEADING: bill of particulars: undue and burdensome details: pleading evidence.**    The petition as it is, with all its exhibits, covers more than 60 printed pages. The specifications called for would, to some extent at least, amount to a pleading of evidence. A consideration of the petition in the light of a certain provision of the policy which is a condition precedent, satisfies us that the defendant cannot be prejudiced by way of surprise for want of further specification in the petition, as called for in Ground No. 1. Such provision of the policy is as follows:

"C. This company shall not be liable for loss under this policy if the assured shall fail to immediately give notice thereof by telegraph to the company at its home

office, Jefferson Building, Peoria, Illinois, stating in such notice: First, number of policy and name of animal; second, date and cause of death; third, name of attending veterinarian and his address. This company shall not be liable for loss under this policy if the assured shall in any manner dispose of the carcass of the animal without this company's inspection or examination; or if the assured shall fail to make under oath due and acceptable proof to the company of all facts and circumstances relating to the loss and the animal insured, such proof to be made *on blanks to be furnished by the company* at the assured's request."

The defendant has here specified in its policy the particular details which it deemed itself entitled to know as a condition precedent to its payment of the loss, either with or without suit. The petition must be construed as averring compliance with this condition precedent. The plaintiff must prove such compliance. If its proof fails at this point, its action fails. If it has furnished these details to the defendant in the form of proofs of loss, we see no persuasive reason why the record should be burdened with a repetition of such details in the petition. That these proofs of loss have in fact been furnished to the defendant, was asserted by appellee before us on oral argument, and not denied by the appellant. While such alleged fact is outside of the present record, it is nevertheless consistent with the construction which we have put upon the petition. The defendant directs our attention to the following allegation:

"That during the time when the said policy was in full effect and force, 260 of the animals therein and thereby insured died *from a risk covered by the terms of said policy* and the riders or supplements hereinbefore described."

Except the foregoing, there is no direct

**4. APPEAL AND
ERROR: reser-
vation of
grounds:
points first
raised on ap-
peal.** allegation in the petition that the horses in question died from disease or accident. The appellant urges in argument that the allegation as made is a naked conclusion, and that it should be condemned on that ground. There is much force in the argument, but the point was not made one of. the grounds of the motion which was presented to the consideration of the trial court.

Upon the whole record before us, we have reached the conclusion that the order of the trial court overruling the motion for more specific statement was proper, and it is accordingly—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.