HELEN JOHNSON, Administratrix, Appellant, v. LINCOLN
    HOTEL COMPANY, INCORPORATED, et al., Appellees.

NEGLIGENCE:  Chosen Ground of Recovery.  One who alleges a
1  *specific* act of negligence as ground for recovery must stand or
   fall thereon.

APPEAL AND ERROR:  Harmless Error—Defendant Disproving
2  That Which Plaintiff Must Affirmatively Prove.  Plaintiff who
   proffers no testimony of a fact which he must affirmatively
   show is true, cannot be harmed in a legal sense by the recep-
   tion of incompetent testimony which tends to show that such
   fact is not true.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

MAY 11, 1920.

REHEARING DENIED JULY 6, 1920.

ACTION to recover for personal injury.  Opinion states
the facts.  Directed verdict for the defendant.  Plaintiff
appeals.—*Affirmed.*

*Maurice P. Cahill* and *Redmond & Stewart,* for appel-
lant.

*Dawley & Jordan* and *Johnson, Donnelly & Swab,* for
appellee.

GAYNOR, J.—The defendants are the proprietors of the
Lincoln Hotel in Cedar Rapids, Iowa.  John T. Swanson
was a guest in this hotel, on and prior to the night of De-
cember 26, 1918.  On that night, he fell into
the shaft of a passenger elevator in this
hotel, and received injuries from which he
died.  This action is brought by his adminis-

1. NEGLIGENCE:
chosen
ground of
recovery.

tratrix to recover damages alleged to have been sustained by his estate by reason of his death.

The action is predicated on negligence:

(1)    In that the defendants failed to provide a safe and suitable locking appliance for the door or entry to the elevator shaft.

(2)    In that it negligently permitted the door to be unlocked and opened at times when said elevator was not at said door or entry.

(3)    In that it failed to employ competent elevator operators for said elevator, and employed one who was not competent to operate the same.

(4)    In that it failed or neglected to place lights or warnings about said door and entrance to said elevator, in order that persons upon the premises, and about to enter the same, might see and be warned of any danger attending the act.

The answer was a general denial.

The cause was tried to a jury; and, at the conclusion of the evidence, on motion of the defendants, the jury was directed to return a verdict for the defendants. Verdict being returned for the defendants under the direction of the court, and judgment entered thereon, plaintiff appeals, and assigns as error:

(1)    That the court erred in overruling objections to the cross-examination of certain witnesses, and as to the admission of certain exhibits.

(2)    That the court erred in directing a verdict for the defendant.

Before entering upon a discussion of the errors relied upon for reversal, a brief statement of the evidence tending to support plaintiff's contention is proper. No one of the witnesses saw the accident. There is no evidence to support plaintiff's first assigned ground of negligence. There is no evidence that there were not suitable and safe locking appliances for the door at the entry to the elevator. There is no evidence at all to support the third ground, to wit, that defendant failed to employ competent operators for

said elevator; or that it did employ one who was not compe-
tent to operate the same. There is no evidence to support
the fourth ground, to wit, that the defendant failed and
neglected to place lights and warnings about the door and
at the entrance to the elevator, so that persons rightfully
on the premises and about to use the same might see and
be warned of any danger that attended attempting to enter
the elevator. There is no evidence tending to sustain plain-
tiff's contention on these three points. In fact, the evidence
affirmatively shows the fact to be contrary to the plain-
tiff's contention. This leaves but the second ground of
negligence as the only ground upon which any evidence has
been offered which tends, remotely even, to sustain a claim
of negligence. The evidence—assuming that it is rightfully
in the record—consists of statements made by the deceased
soon after the injury, which, we assume, are offered as
part of the *res gestae*. A witness by the name of Parr testi-
fied:

"I was standing near the clerk's desk. I heard someone
scream, and I observed the elevator door was very nearly
clear open. I saw Swanson in the bottom of the elevator
pit, about three minutes later. He said he stepped into the
elevator, thinking it was there, and when he found it wasn't,
he grabbed the door, and couldn't hold, and he fell. There
were marks across his fingers from the bottom of the hand.
I examined the entrance to the elevator later, and found
bent edges and the latch bent straight. I didn't see the
accident. The lights were burning in the lobby. There is
an arc light about 15 feet from the elevator. I could see
the elevator door from where I stood. The door to the
elevator was a sliding door. At the time he fell, I heard
a lady scream; and, when I got to the elevator door, I
found it open, almost the whole width."

On cross-examination, he testified:

"After the accident, I looked to see the condition of the
door and examined the latch, and found it to be in appar-
ently perfect condition. When the elevator is at the floor,
there is a bright light from the car that can be distinctly

seen as far away from the elevator as the clerk's desk. At the time of the accident, the light in the car was burning as brightly as usual."

Mrs. Regina Swanson, the divorced wife of the deceased, attended him after his injury, and testified:

"My husband said that he felt warm that night, and decided to go to his room and get his overcoat and take a walk; that, as he was going towards the elevator, he called a bell boy to take him upstairs in the elevator; that, after he called the bell boy, he walked over towards the elevator; thought that the boy was following him; that, when he stepped into the elevator shaft, he thought the elevator was there."

The plaintiff has alleged specific grounds of negligence on which she predicates her right to recover. The only ground charged on which she has offered proof is that the door was negligently permitted to be unlocked and opened when the elevator was not there. There is no evidence that the elevator was left open. Plaintiff offered no evidence to show how the door was opened, or that it was, in fact, open before or at the time deceased came to the entry. The evidence clearly shows that there was a bright light in front of the elevator; that, when the elevator was at the floor, there was a bright light in the elevator itself. It shows that the deceased was a guest in this hotel, and had been there for some time, and, we take it, was perfectly familiar with his surroundings, and had frequently passed up and down this elevator before the accident. The plaintiff, having chosen the ground upon which she would seek recovery, and having alleged a specific act of negligence on which she predicates right to recover, is necessarily confined to proof of the alleged negligence as a basis for recovery. On the trial of the case, as a part of the cross-examination of Parr, the defendant was permitted to prove that, soon after the accident, Parr made a statement of the facts as he then understood them. These statements

2. APPEAL AND ERROR: harmless error: defendant disproving that which plaintiff must affirmatively prove.

tended to show that the deceased opened the elevator. These statements, so introduced by the defendant as a part of the cross-examination of Parr, did not tend to contradict what he had said, but added this statement to what he had already testified to under oath. Defendant objected to the introduc-. tion of this statement, on the ground that it was not cross-examination, and did not tend in any way to contradict the testimony given by the witness. We think there was error in allowing this statement to go in; and this is the first error upon which the right to reversal is predicated. It will be noted that the case did not go to the jury. It was determined by the court. The evidence, though not competent, did not prejudice the plaintiff, for the reason that the plaintiff had failed to establish the negligence charged, and the statement only tended to negative the affirmative of a proposition which the plaintiff was bound to prove, and to establish which she had offered no evidence. Without affirmative proof that the door was left open by the defendants, plaintiff's case must fail, and proof that the deceased himself opened it would only emphasize plaintiff's failure to establish its original proposition, and would add nothing to and take nothing from the failure.

We do not need to discuss the contributory negligence of the deceased, nor does it become a factor in the determination of cases of this kind until it is affirmatively shown that the negligence charged, and upon which the right to recover is predicated, has been established; for, even though the deceased were wholly free from negligence, his administratrix could not recover, without proof of actionable negligence on the part of the defendant.

Now, we have said that the plaintiff has selected a ground upon which she predicates her right to recover. She asserted a specific act of negligence which, she says, was the proximate cause of the injury. By this charge of a specific act of negligence, she necessarily excludes from consideration any other act of negligence, omission of duty or otherwise, that might be considered in the determination of the controversy. By her charge of specific negligence,

she chooses to rest her case upon proof of the specific negligence, and inferentially excludes the consideration of any other act or omission to act which might be involved under the general rule governing the liability of common carriers. See *Ashcraft v. Davenport Locomotive Works,* 148 Iowa 420; *O'Connor v. Illinois Cent. R. Co.,* 83 Iowa 105; *Gandy v. Chicago & N. W. R. Co.,* 30 Iowa 420.

Moreover, it is apparent that the relation of passenger and carrier did not exist at the time this accident occurred, nor is it traceable to any duty which the defendant owed the deceased as a common carrier. We need not, therefore, consider and discuss those cases now urged upon our attention, in which the doctrine has been so frequently announced that proof that the plaintiff was a passenger, and that injury occurred to him while the relationship existed, and while in care of the carrier as a passenger, casts a burden upon the defendant to exculpate itself. As we say, the relationship of passenger and carrier did not exist. Plaintiff bases her right to recover on distinct acts of omission or commission. The burden of proof, therefore, rests upon her to show the negligence charged; and, whether she attempted to do this by circumstantial or direct evidence, it cannot be said that she has done so until there is a preponderance of the evidence offered and submitted in her favor upon the question. An ultimate fact cannot be said to be established until there is evidence of its existence.

We think the plaintiff failed to make a case, and that the court was right in sustaining a motion for a directed verdict. Its action is, therefore,—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.