R. A. McFARLAND, Appellant, v. WADE McGHEE et al., Appellees.

**APPEAL AND ERROR:** Scope of Review—Moot Case. An appeal by plaintiff in an action to enjoin defendant, an adjoining tenant, from trespassing on plaintiff's land becomes quite moot when it is made to appear that the defendant has no interest in any of the land, and has permanently removed his residence to another county.

Headnote 1: 4 C. J. p. 575.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG, Judge.

FEBRUARY 17, 1925.

ACTION for writ of injunction restraining the defendants from trespassing on plaintiff's property. The district court dismissed the plaintiff's petition, and from that ruling the plaintiff appeals.—*Dismissed.*

*W. D. Milligan,* for appellant.

*Carl P. Knox,* for appellees.

ALBERT, J.—The plaintiff was the owner of Lot 2 in Block 48 in the town of Stuart, Iowa, at the time in controversy. The adjoining lot was owned by Wade and J. F. McGhee, or by J. F. McGhee alone, and was occupied by the defendant R. A. Mc-Ghee, as a tenant. While Wade and J. F. McGhee are made defendants in the petition, no notice was served on either of them, and they did not appear in the case. R. A. McGhee appeared

and filed answer and proceeded to trial, resulting as above stated.   Execution was issued, and plaintiff paid the costs in the lower court.

After this case had been appealed, the appellee filed a motion to dismiss the appeal, stating, among other grounds, that the question, under the facts developing subsequent to the appeal, had now become moot, and there was nothing further for the court to consider.   Attached to same is an affidavit, which is undenied, reciting the fact that, after the case had been disposed of in the lower court, appellee removed from the property in controversy, from the city of Stuart to the city of Des Moines, where he now resides; that he never claimed any title to any of the real estate in controversy; and that, since his removal to Des Moines, where he expects to make his permanent residence, he has never used any of the real estate in controversy.

All that could be accomplished if this case were reversed would be to enjoin the defendant from trespassing on the plaintiff's property.   Since he has moved off the adjoining property, and ceased to be a resident of the town where plaintiff's property is located, nothing could be accomplished, were plaintiff given the remedy he asks.   This being so, the whole question has become purely academic.   The only thing possible left in the case is the question of the payment of costs.   The last time we had occasion to discuss this question was in the case of *Hampton v. McKeehan,* 187 Iowa 1141, at 1143, where it is said:

"We find this assertion in the motion to be true.   It is, therefore, our opinion that a consideration and decision of this appeal will effect nothing, except to settle who shall pay costs. We cannot decide the appeal when nothing but that will be accomplished by the decision."

This is the general rule of all courts.   See 4 Corpus Juris 575, Section 2383.

We might say, in passing, that, if the case were reviewed by us on the merits, we would not be disposed to disturb the ruling of the district court.

The motion of the appellee, therefore, to dismiss this appeal is sustained, and the appeal is dismissed.—*Dismissed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.