C. J. RICHMAN, Appellant, v. F. D. LETTS et al., Appellees.

APPEAL AND ERROR: Dismissal—Eligibility of Congressman as Moot Question. An appeal in an action in the state court to determine whether a person is ineligible to the office of congressman will be deemed to present a moot question, and will be dismissed, when, pending the appeal, it is made to appear that the person in question has actually been sworn in as congressman and is acting as such.

Headnote 1: 4 C. J. pp. 575, 578 (Anno.)

Headnote 1: 2 R. C. L. 169.

*Appeal from Muscatine District Court.*—F. M. HUNTER, Judge.

SEPTEMBER 21, 1926.

· REHEARING DENIED DECEMBER 16, 1926.

Action in equity, to restrain the defendant F. D. Letts from claiming, and the Iowa state board of canvassers from declaring and certifying, the election of F. D. Letts as representative in the Congress of the United States from the state of Iowa. The defendants interposed motions in the trial court to dismiss the cause of action for want of jurisdiction, which motions were sustained. From the decree entered on the ruling, the plaintiff

appeals. For the reasons stated in the opinion filed herein, the appeal is—*Dismissed.*

*M. W. Stapleton,* for appellant.

*Bollinger & Block,* for F. D. Letts, appellee.

*Ben J. Gibson,* Attorney-general, and *John Fletcher,* Assistant Attorney-general, for appellees other than F. D. Letts and R. U. Thompson.

DE GRAFF, C. J.—The plaintiff, C. J. Richman, as a citizen of the United States and of the state of Iowa, and as an elector of the second congressional district of Iowa, sought to restrain, by a temporary writ of injunction, the defendant F. D. Letts from claiming, and the defendants N. E. Kendall, governor, W. C. Ramsay, secretary of state, Glenn C. Haynes, auditor, W. J. Burbank, treasurer, and Mark Thornburg, secretary of agriculture, as officers comprising the state board of election canvassers, from finding and certifying the election of the defendant F. D. Letts to the house of representatives of the United States, and the defendants N. E. Kendall and W. C. Ramsay, aforesaid, from signing, sealing, and delivering to the defendant F. D. Letts a certificate of election. The defendant R. U. Thompson was the opposing congressional candidate to the defendant F. D. Letts, and, having neglected and declined to bring this action, was made a party defendant by the plaintiff herein.

The plaintiff predicates his action on the alleged fact that the defendant F. D. Letts was a district judge in the seventh judicial district of Iowa at and prior to the time of his candidacy and election in the second congressional district of Iowa to the house of representatives of the United States of America, and that, by reason thereof, the issuing and delivering of a certificate of his election by the board of canvassers of the state of Iowa would be a determination of his eligibility, and place the matter beyond the power or authority of a court to grant the relief prayed.

Both the defendant F. D. Letts and the defendants comprising the state board of canvassers filed motions to dismiss the petition of plaintiff, which motions were sustained by the trial court. It is from this ruling that this appeal is taken.

The motions in question contain the following grounds of dismissal: First. That the trial court is without jurisdiction to try the subject-matter of this action, because the house of representatives of the United States is the sole judge of the election, returns, and qualifications of its members. Article 1, Section 5, Constitution of the United States. Second. That the qualifications for a member of the house of representatives are prescribed by the Constitution of the United States (Article 1, Section 2), and a state cannot, in its Constitution or statutes, prescribe additional qualifications, or impose other restrictions than those contained in the constitutional qualifications for a Federal office, in any manner whatsoever. Third. That the Constitution of Iowa (Article 5, Section 5) was not intended to apply to Federal offices, but only to offices created by the state, and therefore no conflict exists between Article 1, Section 2, of the United States Constitution, and Article 5, Section 5, of the Iowa Constitution. Fourth. That plaintiff does not have the right to contest the election of the defendant Letts in state courts, and does not have the right to have the defendant Letts declared ineligible in a state court. Fifth. The eligibility of the defendant Letts being prescribed and determined by the Federal Constitution, all other qualifications as prerequisites are negatived, and to add other qualifications is violative of the Federal Constitution, and void.

Both the appellant and the appellees have presented to this court elaborate briefs and arguments, which disclose a critical study and examination of decisions and authorities bearing on their respective contentions. However, we do not deem it necessary to rule the controlling propositions on the merits, for the reason that these propositions on this appeal are now moot.

It was conceded on oral argument of this cause in this court that, subsequently to the ruling and judgment of the trial court, the certificate of election in question was issued to the defendant F. D. Letts by the defendant Iowa state board of canvassers and that the defendant F. D. Letts duly qualified as a member of Congress from the second congressional district of Iowa, and occupied his seat in Congress. The defendant Letts, therefore, has assumed under the Federal Constitution, determinate, positive, governmental relations. He has assumed and now maintains, under his oath of office, a definite arrangement

between the United States and the state of Iowa, as contemplated and intended by the Federal Constitution. There is nothing that the trial court or this court can now do in the premises that would be effectual to change the status of the situation. The very essence of the case in the court below has vanished, and no act by this court, under the circumstances, would avail anything to create a rehabilitation of plaintiff's cause of action. His claimed right was asserted and contested, and it is sufficient to state that at this time no judgment or decree of this court in the matter can for any reason have any practical legal effect upon the then existing controversy.

With this view of the situation, the appeal is—*Dismissed.*

All the justices concur.