BESSIE VAN HEUKELOM et al., Administrators, Appellees, v. BLACK HAWK HOTELS CORPORATION, Appellant.

No. 43451.

NOVEMBER 24, 1936.

. REHEARING DENIED MARCH 12, 1937.

1034

Miller, Miller & Miller, for appellant.

George G. Gaass, and Stipp, Perry, Bannister & Starzinger, for appellees.

KINTZINGER, J.—Plaintiffs' intestate received injuries resulting in his death as a result of falling into an elevator shaft at the Hotel Fort Des Moines, at Des Moines, on February 5, 1935. This action was commenced by the administrators of his estate in the district court of Polk county on April 24, 1935.

In count two of their petition, plaintiffs allege that the injuries and death resulted from the negligence generally of the defendant hotel company, and ask to recover under the doctrine of res ipsa loquitur.

On April 2, 1935, an involuntary petition in bankruptcy was filed against the defendant in the Davenport Division of the United States District Court for the purpose of effecting a reorganization of the defendant company under the provisions of section 77B, chap. VIII, of the Acts of Congress relating to bankruptcy (11 U. S. C. A. sec. 207). The petition was approved on the same day, and all creditors and others were, by order of that court, enjoined and restrained from instituting or prosecuting any action at law or equity against the Black Hawk Hotels Corporation in any court of law or equity during the pendency of the bankruptcy proceedings in federal court, and all claims were ordered filed with the special master by June 1, 1935.

On May 15, 1935, the defendant appellant filed an answer, and plea in abatement. In its plea in abatement appellant asked that the action be dismissed or that the same be held in abeyance pending termination of the bankruptcy proceedings.

On July 17, 1935, appellees filed a motion to strike defendant's plea in abatement. This motion was sustained.

On July 25, 1935, appellant filed a motion to strike certain parts of count two of plaintiffs' petition because it failed to al-

lege the specific acts of negligence sued on, and because it failed to state the names of the persons or employees of the defendant whose negligence is complained of. In this motion to strike, appellant also embodied a motion for a more specific statement.

Appellant's motion to strike certain parts of the petition, and to make the same more specific was overruled. Defendant appeals from both rulings.

The only questions involved in this appeal, therefore, relate to the rulings of the court on the pleadings.

I. Appellant contends that the court erred in sustaining appellees' motion to strike appellant's plea in abatement. The cause of action set out in petition filed against the defendant hotel company is based upon the negligence generally of the employees of the defendant company, as a result of which plaintiffs' intestate fell into defendant's elevator shaft in the Hotel Fort Des Moines on February 5, 1935, and received injuries resulting in his death.

Appellant contends that under section 77B of the Bankruptcy Act, the United States District Court in which such proceedings were commenced may enjoin or stay the commencement or continuance of all suits against the debtor in law or equity, until final termination of the bankruptcy proceedings; and that the powers of the Federal Court under section 77B in bankruptcy proceedings have been enlarged, so that now all actions or claims against the bankrupt are provable solely in the bankruptcy proceedings, with power in that court to stay all proceedings against the bankrupt in other courts.

It may be conceded that prior to the adoption of section 77B of the amendment to the Bankruptcy Act, a claim based upon a tort and not reduced to judgment at the time the petition in bankruptcy is filed is not a provable claim, and that a tort action in damages for a wrongful death may be prosecuted in the state courts to final judgment. Stalick v. Slack, (C. C. A.) 269 Fed. 123; Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. The original act only authorized the prosecution of claims in state courts where a discharge in bankruptcy would not be a release. It has, therefore, been uniformly held that actions based upon claims for torts were not dischargeable in bankruptcy. In re Natow Bros., (D. C.) 283 Fed. 522; In re Warnock (D. C.) 239 Fed. 779; Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247; In re New York Tunnel Co., (C. C. A.) 159 Fed 688.

■■■ Appellant contends that under the new act known as section 77B relating to the reorganization of bankrupt corporations, the federal court in which such proceedings are pending now has an enlarged power under which it can stay all proceedings, including actions in tort commenced against the bankrupt in the state courts.

Appellees contend, however, that a ruling upon this point is unnecessary here because that part of the appeal relating to the ruling on the plea in abatement has now become moot, and in support of its contention, appellees have filed in the lower court a duly certified and exemplified copy of the order of the United States District Court, dated January 11, 1936, in which the bankruptcy proceedings were pending, showing the termination of said bankruptcy proceedings, and the release and discharge of the Black Hawk Hotels Corporation from all its claims, debts and liabilities, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy; said order also provides:

"That all creditors of, claimants against and stockholders of, the debtor wherever situated * * * are hereby * * * enjoined from pursuing or attempting to pursue, or commencing any suits or other proceedings at law, in equity or otherwise, against said new corporations, Blackhawk-Perry Corporation and Blackhawk Hotels Company, or any of the assets or property transferred by the debtor to said new corporations, directly or indirectly, * * * based upon, any right, claim or interest which any such * * * claimant * * * may have had * * * against, said debtor * * *.

"That the proceedings in this court entitled, 'In the matter of Black Hawk Hotels Corporation, debtor', Case No. 6489, be and the same is hereby terminated and finally closed. (Sgd.) Chas. A. Dewey, Judge."

On October 1, 1936, however, and after the rulings hereinabove were entered in the lower court, the United States District Court, in which said bankruptcy proceedings were pending, entered an order modifying the final order hereinabove referred to, and appellees filed a duly certified and exemplified copy thereof in the lower court. Said order provides substantially as follows:

"BE IT REMEMBERED, that * * * on this 26th day of Septem-

ber, 1936, upon the application to * * * modify the final order herein, filed by * * * administrators of the Estate of Teunis Van Heukelom, deceased, and the applicants being represented by * * * their attorneys, and the bankrupt by * * * its attorneys, and the Court having considered the application and the resistance thereto * * *, and being fully advised in the premises, finds that the estate of the bankrupt in this proceeding has not been fully administered; that there is an asset consisting of a policy of insurance against public liability, which constitutes an asset of this estate, to which the applicants may be entitled to resort, if they are able to establish a claim coming within its provisions; *that the applicants have filed a written stipulation with the Clerk of this Court that if permitted to proceed with their suit in the state Court against the Black Hawk Hotels Corporation, the judgment recovered therein, if any, will not be used as a claim against the estate of the Black Hawk Hotels Corporation in this proceeding and no execution or other process issued in said action will be levied against or executed upon any property now or formerly belonging to the Black Hawk Hotels Corporation;* the Court further finds that the equities of this matter are with the applicants; that they are entitled to the relief asked and they should not be prevented by these proceedings from liquidating their claim, and that this estate should be opened and the final order modified so as to allow that to be done. * * *

"It is further ORDERED, ADJUDGED, and DECREED * * * that this estate be opened and the final order entered herein dated January 11, 1936, and filed January 13, 1936, is modified by adding thereto the following:

" 'These proceedings shall not operate as a bar to the claim of Bessie Van Heukelom and Albert Van Heukelom, as administrators of the Estate of Teunis Van Heukelom, deceased, for the claimed wrongful death of Teunis Van Heukelom, deceased, and * * * *administrators aforesaid are permitted to prosecute their action on said claim in the District Court of Iowa in and for Polk County or in any Court to which the same shall be taken on appeal or otherwise, to final judgment against the said Black Hawk Hotels Corporation, but they are not permitted to levy upon, or in any manner molest or interfere with or claim against any of the property now or formerly belonging to the Black Hawk Hotels Corporation, other than to proceed against any lia-*

*bility or casualty company which may be liable under policy is-
sued covering such a claim.'* * *

"Signed this ....1.... day of October, 1936." (Italics
ours.)

Appellees have filed a motion to dismiss defendant's appeal
in so far as it relates to the plea in abatement on the ground that
the question has now become moot.

Appellant contends that the order of said United States Dis-
trict Court, permitting appellees to prosecute this action in the
state court, was not made a record in that court in the instant
case prior to the order of the lower court sustaining appellees'
motion to strike appellant's plea in abatement, and, therefore,
cannot be considered by this court upon the motion to dismiss
the appeal.

This contention is not good because our statutes, and the de-
cisions thereunder, authorize the consideration of matters out-
side the record occurring after the trial, in the consideration of
a motion to dismiss an appeal. Code sections 12886 and 12887;
McGovern v. McGovern, 192 Iowa 1196, 186 N. W. 60, 62.

In the case of McGovern v. McGovern, supra, loc. cit. 1201,
we said:

"The statute expressly provides that, where the grounds of
the motion to dismiss do not appear in the record, the facts which
destroy the appellants' right to further prosecute the appeal may
be shown by answer or abstract, duly verified.

"In accordance with this provision, the appellees have sup-
ported their motion to dismiss the appeal, with duly certified and
exemplified copies of the records, showing the facts upon which
they predicate their right to dismiss the appeal, which records
have established before us the ultimate question of fact * * *."

Likewise, so in the case at bar the grounds for a dismissal
of the appeal have been furnished by duly certified and exempli-
fied copies of the record of the federal court authorizing the
prosecution of this action in the state court.

A discussion of this question is found in 3 Corpus Juris,
357, sec. 112, as follows:

"It may be stated as a well settled general rule that the ex-
istence of an actual controversy is an essential requisite to ap-
pellate jurisdiction. In the absence of such a controversy the

appeal * * * will * * * be dismissed * * *. Hence it is not within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of actual relief, or from the determination of which no practical relief can follow. * * *"

"On the same principle the general rule is well settled that if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, or renders a decision unnecessary, the appeal will be dismissed." 3 Corpus Juris, 360, sec. 115.

That a question raised will not be determined where the action has become moot is supported by the following Iowa cases: Cutcomp v. Utt, 60 Iowa 156, 14 N. W. 214; Berry v. City of Des Moines, 115 Iowa 44, 87 N. W. 747; McGovern v. McGovern, 192 Iowa 1196, 186 N. W. 60; McFarland v. McGhee, 199 Iowa 542, 202 N. W. 89; Thie v. Cons. Ind. School Dist., 200 Iowa 359, 204 N. W. 401; Richman v. Letts, 202 Iowa 973, 210 N. W. 93; Manning v. Heath, 206 Iowa 952, 221 N. W. 560; Welton v. Highway Comm., 208 Iowa 1401, 227 N. W. 332; Gallarno v. Long, 214 Iowa 805, 243 N. W. 719.

The foundation of appellant's claim that the lower court erred in striking the plea in abatement is based upon appellant's contention that the federal court entered an order enjoining the prosecution of claims of all kinds unless filed in the bankruptcy proceedings pending in the federal court, and upon the further ground that in bankruptcy proceedings under section 77B, claims based upon an action in tort can no longer be prosecuted in the state court, and that all such claims must now be filed and prosecuted in the bankruptcy proceedings.

The difficulty with appellant's contention now is that the order of the federal court enjoining the prosecution of all claims in all other courts was modified so as to permit the prosecution of this action in the state court, but only for the purpose and to the extent of permitting and enabling the appellees, in the event they recover judgment, to use the same for the purpose of collecting on the bond of a liability insurance company and to that extent only, as follows:

"That the applicants have filed a written stipulation * * * that if permitted to proceed with their suit in the state court * * * the judgment recovered therein, * * * will not be used as a

claim against the estate of the Black Hawk Hotels Corporation * * * and no execution or other process issued in said action will be levied against or executed upon any property now or formerly belonging to the Black Hawk Hotels Corporation.

"Administrators * * * are permitted to prosecute their action on said claim in the District Court of * * * Polk County * * * to final judgment * * *, *but they are not permitted to levy upon, or in any manner molest or interfere with or claim against any of the property now or formerly belonging to the Black Hawk Hotels Corporation,* other than to proceed against any liability or casualty company which may be liable under said policy issued covering such a claim." (Italics ours.)

Under this order, the appellees were especially authorized to continue the prosecution commenced in the state court, and under it the objections to such prosecution no longer exist.

Appellant has cited several cases from the United States Circuit Court of Appeals to the effect that the United States District Court, under section 77B in bankruptcy proceedings, has authority to stay civil actions based upon a tort commenced in state courts, the chief reason urged for such a rule being that the power to grant stays under section 77B is far more sweeping than the power granted in the ordinary cases of bankruptcy, because reorganizations would often be "impracticable if the plans did not provide for a discharge of all liabilities and if resumption of business left the debtor with tort liabilities which had not been adjudicated prior to the filing of the 77B petition." Foust v. Munson S. S. Line, (C. C. A.) 80 Fed. (2d) 859, loc. cit. 860.

In Foust v. Munson S. S. Line, supra, cited by appellant, the court said, loc. cit. 861:

"If Foust [claimant] is willing to stipulate not to use any judgment he may recover in the state action as a claim against the estate, there could be no objection to allowing that action to proceed to judgment."

In that case no such stipulation was filed and the United States District Court granted an injunction restraining the prosecution of the law action.

That case, however, was reversed by an opinion filed by the United States Supreme Court, being No. 19, filed on November 9,

1936, of the October, 1936, term of that Court. 57 S. Ct. 90, 93, 81 L. Ed. ..... In the reversing opinion, the United States Supreme Court says:

"The power to stay does not imply that it is to be, or appropriately may be, exerted without regard to the facts. The granting or withholding of injunction is left to the discretion of the court. * * *

"The reorganization proceedings are not inherently inconsistent with jury trial for the liquidation of such claims. Unless satisfactorily shown that prosecution of petitioner's action would embarrass the administration of the debtor's estate, the district court should have granted leave. * * *

"In the absence of a showing of facts sufficient to require a finding that liquidation of petitioner's claim by jury trial would encumber the reorganization proceedings, the debtor and trustees were not entitled to have the injunction continued in force against petitioner. Langnes v. Green, 282 U. S. 531, 541, 51 S. Ct. 243, 247, 75 L. Ed. 520. * * *

"There is nothing in the record to warrant a finding that liquidation of petitioner's claim by trial of his pending action at law would hinder, burden, delay or be at all inconsistent with the pending corporate reorganization proceeding under Sec. 77B. Injunction against that method of establishing the debtor's liability, if any there is, ought not to stand. Reversed."

In view of the stipulation filed in the bankruptcy proceedings of defendant company and the order entered therein, it is obvious that suggested objections no longer exist, because of the stipulation and order entered in the bankruptcy proceedings, *releasing the estate from all claims based upon any judgment which might be obtained in the state court.* It is not within our province to review the ruling of the United States District Court, but the opinion of the Supreme Court of the United States just quoted indicates that the order of the United States District Court in the bankruptcy proceedings in question was correct.

As nothing can be accomplished by reversing the order of the lower court in striking appellant's plea in abatement, it is our conclusion that the appeal so far as it relates to the ruling of the lower court on appellees' motion to strike appellant's plea in abatement no longer exists, and that this branch of the case

has now become moot. We find no error in the ruling of the lower court on this branch of the case.

■■■ II. Appellant also contends that the court erred in overruling its motion (1) to strike certain allegations of count two of the petition under which plaintiffs invoke the doctrine of res ipsa loquitur; and (2) that the court erred in overruling its motion to require plaintiffs to state the names of defendant's agents, servants, and employees whose negligence caused the injuries and death complained of.

1. It is conceded that appellees did not in count two make any specific allegations of negligence relied on for a recovery. After alleging the preliminary facts relating to decedent's fall into the elevator shaft, the eleventh paragraph of count two states:

"That the falling of the plaintiffs' decedent into said elevator shaft and his death were the direct and proximate result of *negligent operation and maintenance of said hotel premises and the stairways, stairway landings and elevator shaft and openings thereto* then under the exclusive control and management of the defendant. That the plaintiffs' decedent was not guilty of any negligence contributing to his injuries and death." (Italics ours.)

Defendant moved to strike these allegations of plaintiffs' petition because they "fail to state specifically the acts of omission or commission which plaintiffs claim were negligent, and, therefore, if said allegations remain in plaintiffs' petition in the present indefinite form, the defendant cannot properly prepare its case for trial."

This motion presents the question as to whether or not the doctrine of res ipsa loquitur applies to the facts pleaded in this case. It is conceded that no specific acts of negligence were pleaded as relied upon for a recovery, and that the plaintiffs simply pleaded the general negligence of the defendant, relying upon the doctrine of "res ipsa loquitur".

The petition alleges that the plaintiffs' intestate was either a guest or an invitee to the premises of the Hotel Fort Des Moines at Des Moines, Iowa. Under either situation, defendant owed him a duty of keeping its premises in a reasonably safe condition. Wilsey v. Jewett Bros. & Co., 122 Iowa 315, 98 N. W. 114; Gardner v. Separator Co., 134 Iowa 6, 111 N. W. 316;

Noyes v. Des Moines Club, 178 Iowa 815, 160 N. W. 215; Graham v. Ochsner, 193 Iowa 1196, 188 N. W. 838; Nelson v. Woolworth & Co., 211 Iowa 592, 231 N. W. 665, 669; 32 Corpus Juris, 565.

Appellees contend that the doctrine of res ipsa loquitur applies under the general allegations of negligence alleged in their petition. This question was fully considered and discussed in an able opinion written by Justice Stevens in the case of Harvey v. Borg, 218 Iowa 1228, 257 N. W. 190, 192. In that case the court said, loc. cit. 1230:

"Res ipsa loquitur has been defined and also applied in divers cases and to a great variety of facts in perhaps all of the states of the Union. It means simply that the facts speak for themselves. To undertake to define its limitations would lead only to confusion and uncertainty. The rule is applied generally when all the instrumentalities which might cause an injury are under the exclusive control and management of the defendant. Larrabee v. D. M. T. & A. Co., 189 Iowa 319, 178 N. W. 373; Orr v. D. M. Elec. Light Co., 207 Iowa 1149, 222 N. W. 560; Crozier v. Hawkeye Stages, 209 Iowa 313, 228 N. W. 320; Brown v. Des Moines Steam Bottling Works, 174 Iowa 715, 156 N. W. 829, 1 A. L. R. 835.

"In other words, res ipsa loquitur means that facts of a particular occurrence warrant an inference of negligence; that is, that they furnish circumstantial evidence of negligence when direct evidence may be lacking. It is, therefore, a rule of evidence and is generally so interpreted. * * * Christensen v. Oregon Short Line R. Co., 35 Utah 137, 99 P. 676, 20 L. R. A. (N. S.) 255, 18 Ann. Cas. 1159. As bearing upon the definition and application of the rule to a great variety of facts and circumstances, we call attention to the following from other jurisdictions. [Citing a long list of cases.]"

As the reasons for the doctrine are fully discussed in Harvey v. Borg, supra, we deem it unnecessary to consider it further here, and a reference to that case is, therefore, made for a further discussion of the doctrine.

The rule relating to res ipsa loquitur is also set out in 32 Corpus Juris, 565, as follows:

"Where plaintiff alleges distinct acts of omission or commis-

sion, the burden rests on him to prove negligence by a preponderance of the evidence. However, the general rule, that where the thing causing the accident is shown to be under the management of defendant, and the accident is such that in the ordinary course of things it would not happen if defendant had used proper care, the happening of the accident affords reasonable evidence, in the absence of explanation, that it arose from want of due care, is applicable in some cases, so that a prima facie case of negligence is made out by proof that plaintiff was injured by * * * falling down an elevator shaft which adjoined the lobby and the door of which had been left open on a dark day, and defendant thereupon has the burden of explaining the accident and of showing facts relieving him of liability.''

In Johnson v. Lincoln Hotel Co., 189 Iowa 291, 177 N. W. 550, 552, the doctrine of res ipsa loquitur was held not to apply because specific acts of negligence were alleged. In that case this court said, loc. cit. 295:

''The plaintiff has selected a ground upon which she predicates her right to recover. She asserted a specific act of negligence which, she says, was the proximate cause of the injury. By this charge of a specific act of negligence, she necessarily excludes from consideration any other act of negligence, omission of duty or otherwise, that might be considered in the determination of the controversy. By her charge of specific negligence, she chooses to rest her case upon proof of the specific negligence, and inferentially excludes the consideration of any other act or omission to act which might be involved under the general rule governing the liability of common carriers. [Citing cases.]''

The foregoing case clearly indicates that if no specific charge of negligence had been alleged, the doctrine of res ipsa loquitur would have applied. In the case at bar no specific act of negligence is alleged; on the contrary, the negligence of the defendant is pleaded generally and the doctrine of res ipsa loquitur is invoked thereunder.

We are constrained to hold that under the general allegations of negligence alleged, appellees had a right to rely upon the doctrine of ''res ipsa loquitur''. It necessarily follows that appellees were not required to allege specific acts of negligence, and that the action of the lower court in overruling defendant's motion to strike was correct.

■■■ 2. Appellant also complains of the court's refusal to require plaintiffs to specify the names of agents, servants and employees of the defendant. In count 2 of plaintiffs' petition, it is alleged "that the defendant, through its agents, servants and employees, left open and unguarded the elevator shaft opening upon said premises."

As shown by the preceding part of division II of this opinion, it is alleged generally that the falling of plaintiffs' decedent into the elevator shaft was the direct and proximate result of defendant's operation and maintenance of said hotel premises, and that under such allegations, the doctrine of "res ipsa loquitur" applies under the facts pleaded in this action. It necessarily follows that it is unnecessary to set out the specific acts of negligence relied on for a recovery. For similar reasons it is unnecessary to set out the specific names of the employees of defendant in charge of the said premises.

An additional reason for sustaining the ruling of the lower court on this branch of the case is that the defendant hotel company had full knowledge of the names of its servants, agents and employees in charge of the premises in question. It can hardly be expected that plaintiffs would know the names of the agents, servants or employees of the defendant in charge of the elevator, stairways, etc., belonging to the defendant.

Where the defendant has equal or better knowledge of the matters inquired about, we have held that when the information desired is already in the possession of the adverse party, it is not prejudicial error to overrule a motion for a more specific statement. N. W. Trading Co. v. W. L. S. Ins. Co., 181 Iowa 853, 165 N. W. 115.

It is, therefore, our conclusion that the ruling of the lower court in overruling the motion for a more specific statement was not sufficiently prejudicial to constitute error in this case.

For the reasons hereinabove expressed, it is our conclusion that the action of the lower court in the rulings complained of was right, and the judgment of the court is, therefore, hereby affirmed.—Affirmed.

PARSONS, C. J., and ALBERT, DONEGAN, HAMILTON, and RICHARDS, JJ., concur.